J. W. CARSON ET AL. v. LUCINDA DALTON.

(Case No. 3598.)

1. SERVICE OF CITATION.— One original citation, proper in form, commanding that two who were defendants be summoned to appear and answer the petition, was issued. Two copies were made out, and one of the copies, with a certified copy of the petition, was served upon each defendant. *Held*, though the usual practice is to issue citation to each of several defendants to answer the petition exhibited against him and his co-defendants, the service was sufficient.

2. JUDICIAL KNOWLEDGE.— The court will take judicial cognizance of the fact that a town in Texas is situated in a county of which it is the county seat.

APPEAL from Palo Pinto. Tried below before the Hon. J. R. Fleming.

Appellee, administratrix of the estate of M. L. Dalton, brought this suit against appellants, as partners under the firm name of Carson & Lewis, upon a promissory note as follows:

"$2,860, gold.          PALO PINTO, TEXAS, March 20, 1876.

"One day after date we promise to pay to Lucinda Dalton, administratrix of the estate of M. L. Dalton, deceased, or bearer, at Palo Pinto, Texas, the sum of two thousand eight hundred and sixty dollars in gold, for value received of her, with interest at the rate of ten per cent. per annum from date.

(Signed)          "CARSON & LEWIS."

The suit was brought in the district court of Palo Pinto county, and the petition showed that the defendants were resident citizens of Parker county. But one citation was issued, directed "to the sheriff or any constable of Parker county," commanding that both defendants be summoned to appear and answer the petition, etc. The defendants moved to quash citation and service, which was overruled by the court.

The assignments of errors were as follows: 1st. Overruling motion to quash the citation and service thereon. 2d. Overruling the exceptions to the petition — the petition and exhibits showing that the court had no jurisdiction of the persons of defendants. 3d. Sustaining exceptions to the answer. 4th. Overruling the motion for new trial. 5th. Rendering judgment against defendants.

*Watts, Lanham & Roach,* for appellants, cited Carroll v. Peck, 31 Tex., 650; Whitlock v. Castro, 22 Tex., 113; Cook v. Crawford, 4 Tex., 422.

*J. P. Haynes,* for appellee, cited Anderson v. Brown, 16 Tex., 554; Dewees v. Lockhart, 1 Tex., 535; Epperson v. Young, 8 Tex., 135.

DELANY, J. COM. APP. — The first assignment of error, which raises an objection to the citation, cannot be maintained.

When there are several defendants, the statute requires that a citation shall issue to each defendant. Pasch. Dig., art. 1430. The usual practice is that the citation issued to each one shall direct him to appear at the proper time and place, to answer the petition of the plaintiff exhibited against him and his co-defendants, naming them. This citation, with the copy of the petition, informs him of

everything which may be necessary to his defense, viz.: The nature of the suit, the time and place of trial, the name of the plaintiff, and the names of his co-defendants. In the present case a citation was issued, directing the sheriff to summon both defendants, giving the name of the plaintiff, the time, place, etc. Two copies were made out, and one of the copies, with a certified copy of the petition, was served upon each defendant. This, we think, was sufficient.

The second assignment is that the court erred in overruling the exceptions to the petition. The suit was upon a note payable at "Palo Pinto, Texas." The suit was brought in Palo Pinto county. The petition alleged that the defendants were residents of Parker county. There was no averment that the "Palo Pinto, Texas," where the note was made payable, was in Palo Pinto county. This question was raised by exception, the defendants insisting that the petition did not show upon its face that the court had jurisdiction. In 1 Greenl. Ev., sec. 6, it is said that courts will take notice "of the local divisions of their country, as into states, provinces, counties, cities, towns, local parishes, or the like, so far as political government is concerned or affected, and of the relative positions of such local divisions." In note 7 to the same section, he says that courts will not take notice that particular places are or are not in particular counties; and it was so held in Boston v. The State, 5 Ct. App., 385, the particular place not being the county seat. But we think the court will take notice that a particular town, which is the county seat of a county, is in that county. See Long v. The State, 1 Ct. App., 709. It is hardly necessary to notice the remaining assignments.

The judgment should be affirmed.

Affirmed.

[Opinion approved May 22, 1883.]