## L. MILLER & CO. v. TEXAS & NEW ORLEANS RAILWAY COMPANY.

### No. 3224.

1. **Judicial Knowledge as to Railways.**—Railways are public highways, and it is a matter of history that important lines of railway once established have remained as fixed and permanent in their course as the rivers themselves. Their locality becomes so notorious and indisputable that courts take notice thereof.

2. **Same — Special Fact.** — But in order to take notice that the appellee railway company is a part of a system of railways (e. g., the Southern Pacific system) the court must be aware of the contract through which the system is created. A contractual relation which a railway might enter into with other railways to form a continuous line for the transportation of freight would not be of such historical or commercial notoriety as to render it so indisputable that the courts ought to take judicial knowledge that such was the fact.

3. **Same—Fact Case.**—Freight was shipped in Indiana for Orange, Texas, upon the Louisville, Evansville & St. Louis Consolidated Railway Company. It was carried to Orange upon the Texas & New Orleans Railway Company, defendant. In suit for penalty for nondelivery of the freight the court properly excluded testimony of a wit-

ness that the Louisville, etc., railway company had an arrangement with the Southern Pacific system for through rates.    The court does not judicially know that the defendant railway is a part of that system.

4.   Joint Contract—Evidence.—A joint liability of the defendant with the railway company executing the bill of lading, or a ratification of the contract to transport the freight from Indiana to Orange, Texas, at the rate stipulated, will not be presumed from the fact that the defendant received and hauled the car and collected the charges.

5.   Pleadings.—See allegations held insufficient to charge the defendant with the execution of the bill of lading, or of being in partnership with the company receiving the freight from the shipper, so as to require a denial under oath by the defendant.

APPEAL from Orange.    Tried below before Hon. W. H. FORD. The opinion states the case.

*Bullitt & Bullitt,* for appellants.—1.    It is a rule of evidence that facts of universal notoriety need not be proved, and that courts will take notice of whatever is generally known within the limits of their jurisdiction.    Railway v. Logan, 3 Ct. App. C. C., sec. 188; Railway v. White, Id., sec. 163.

2.   A joint liability is presumed when a through bill of lading is executed, through freight charges are made, the freight is to be carried in a designated car, and the payment of the entire freight to appellee's agent.    Railway v. Tisdale, 74 Texas, 14.

3.   As it was charged in the petition that the defendant was a party to the bill of lading, it was necessary for the defendant to deny it under oath.    Railway v. Tisdale,. 74 Texas, 14.

*Perryman & Gillaspie,* for appellee, cited Railway v. Gaines, 44 Am. and Eng. Ry. Cases, 1; Berry v. Railway, 72 Texas, 620; Morrison v. Loftin, 44 Texas, 17; Titus v. Johnson, 50 Texas, 224; Guerin v. Patterson, 55 Texas, 124; Zorn v. Tarver, 57 Texas, 388.

GARRETT, PRESIDING JUDGE, *Section B.*—L. Miller & Co. brought this suit August 7, 1890, in the District Court of Orange County, to recover of the Texas & New Orleans Railway Company the statutory damages for the detention of a carload of furniture after tender of freight charges due as shown by the bill of lading.    Upon the trial plaintiffs produced in evidence a through bill of lading issued by the Louisville, Evansville & St. Louis Consolidated Railway Company, at Tell City, Indiana, May 24, 1890, for the furniture consigned to L. Miller & Co., Orange, Texas; the rate of transportation of said property from Tell City to Orange not to exceed 91 cents per 100 pounds; weight, subject to correction, 13,500 pounds.    Tender of the freight charges as shown by the bill of lading and the detention of the furniture were proved.

Plaintiffs then introduced in evidence the deposition of L. S. Parsons, to show a joint undertaking between defendant and the Louisville, Evansville & St. Louis Consolidated Railway Company to transport the goods from Tell City, Indiana, to Orange, Texas. The witness testified to an arrangement with the Southern Pacific system for through rates. On motion of the defendant, the evidence was stricken out, because it did not connect the defendant with the undertaking; and the jury were instructed by the court to return a verdict for the defendant.

On appeal from the judgment of the court below, it is contended in behalf of the appellant that the court should have judicially known that the Texas & New Orleans Railway was a part of the Southern Pacific system; and that its action in striking out the deposition and directing a verdict for the defendant was error. As a general rule, a court in making up its conclusions is to take no notice of facts not in evidence. 1 Whart. on Ev., sec. 276. There are certain facts, however, which may be judicially noticed by the courts because of their public notoriety and indisputable existence. Railways are public highways, and it is a matter of history that important lines of railways once established have remained as fixed and permanent in their course as the rivers themselves. Their locality becomes so notorious and indisputable that the courts will take notice thereof. Railway v. The State, 72 Texas, 410. So the court would take notice of the locality of the defendant's line of railways, for it is a physical and geographical fact of undisputed notoriety. But in order to take notice that the defendant's line of railway is a part of a system of railways, the court must be aware of the contract through which the system is created. It has been held that courts will judicially know, that as a general rule trains running upon a railway are run, directed, and controlled by the owners of the road. 12 Am. and Eng. Encyc. of Law, p. 165, note 2. A contractual relation which a railway might enter into with other railways to form a continuous line for the transportation of freight would not be of such historical or commercial notoriety as to render it so indisputable that the courts ought to take judicial notice that such was the fact. There is a growing disposition for the courts to extend the area of judical knowledge; but they should exercise this power with caution. Care must be taken that the requisite notoriety exists, and every reasonable doubt on the subject should be promptly resolved in the negative. Brown v. Piper, 91 U. S., 37; Railway v. Gaines, 44 Am. and Eng. Ry. Cases, 1. There was no error in excluding the deposition.

A joint liability of the defendant with the company that executed the bill of lading, or a ratification of the contract to transport the freight to Orange at the rate stipulated, will not be presumed from the fact that the defendant received and hauled the car and collected the

charges. Railway v. Dwyer, 75 Texas, 581; Railway v. Baird, Id., 265. But it is urged, that as it was charged in the petition that the defendant was a party to the bill of lading, it was prima facie the act of the defendant of which there had been no denial under oath. Railway v. Tisdale, 74 Texas, 14. The petition nowhere alleges a partnership between the railway that executed the bill of lading and the defendant for the transportation of the goods; nor that the bill of lading was executed by the authority of the defendant or was its act. It sets out the fact of the delivery of the furniture to the Louisville, Evansville & St. Louis Consolidated Railway Company, at Tell City, Indiana, to be shipped to Orange, Texas, and alleges that said company executed a through bill of lading for said freight by which it agreed and bound itself to transport the same as alleged; and then follows the allegation, "that said Louisville, Evansville & St. Louis Consolidated Railway Company, and also the defendant, at the time said bill of lading was executed, were engaged in the business of transporting freight for hire, and that by virtue of said contract—that is, for 91 cents per hundred—the Louisville, Evansville & St. Louis Consolidated Railway Company and the defendant agreed and became liable to transport said carload of freight from Tell City, Indiana, to the city of Orange, Texas, by virtue of said bill of lading, and did convey," etc. We do not think that either a partnership or that the bill of lading was executed by the defendant or its authority is charged. There was no error in instructing the jury to return a verdict for the defendant.

The judgment of the court below should be affirmed.

*Affirmed.*