## FIRST NAT. BANK OF GLADEWATER et al. v. OSBORNE.

### No. 3265.

Court of Civil Appeals of Texas. Beaumont.

Feb. 16, 1938.

Rehearing Denied Feb. 23, 1938.

Bramlette & Levy, of Longview, for appellants.

L. E. Richardson, of Longview, for appellee.

WALKER, Chief Justice.

Appellee, H. G. Osborne, had Sacul State Bank execute and deliver to him two drafts payable "to the order of Chas. S. Cohan,'" and drawn on the Union National Bank of Houston; draft No. 418, dated December 4, 1936, for $600, and

draft No. 422, dated December 10, 1936, for $414.88. For these drafts he paid the bank in cash the amounts for which they were drawn, and on the day they were drawn carried them to Rusk, and there deposited them in the United States mail in envelopes duly stamped, sealed, and addressed to "Chas. S. Cohan, Care Crockett Production Credit Association, Crockett, Texas"; on the left-hand corner of the envelope the return address, "H. G. Osborne, Rusk, Texas." These drafts were intended for "Chas. S. Cohen," who was secretary of Crockett Production Credit Association, and were for credit on his account with the Association. The correct name of the secretary was "Chas. S. Cohen," but appellee thought the name was spelled "Cohan," and had transacted business with him, spelling his name "Cohan," and the previous year had mailed him a check as a credit on his account, addressed to him as were these two drafts, and it was received by him. In asking for the drafts, appellee spelled the name to the cashier of the Sacul State Bank "Cohan."

Cohen never received these drafts; in some unknown way they came into the possession of an unknown party, who carried them to the town of Gladewater, in Gregg county, more than 100 miles from Rusk, and there deposited them for collection with appellant First State Bank of Gladewater. This party was a stranger to the Gladewater bank, and identified himself to the bank only by some letters or papers he had in his pocket when he presented the drafts. He told the bank he was in the oil business and was "in a hurry" to get out of Gladewater with a truck load of oil. He told the bank his name was "Chas. S. Cohan" but indorsed his signature card "Chas. S. Coham," and gave Trinity, Tex., as his address. On this identification, and this was the full extent of his identification, the nature of the "letters" or "papers" was not indicated, the bank accepted draft No. 418 for collection, indorsed it "Prior Indorsements Guaranteed," and with the indorsement "Chas. S. Coham" written thereon by the person who had presented it, forwarded it to its correspondent at Houston, Houston National Bank; the Houston National Bank accepted it for collection, indorsed it "Prior Indorsements Guaranteed," and presented it for collection to the drawee, the Union National Bank of Houston; the drawee bank paid the draft when it was presented, and charged the amount to the account of the drawer, Sacul State Bank. The same person presented draft No. 422 to the Gladewater bank; no additional identification was given or requested; the Gladewater bank accepted that draft for collection without the indorsement of the one who presented it, but the name "Chas. S. Cohan" was written on the back of the draft by the officer of the bank; the same proceedings were had in the collection of this draft as were had in the collection of draft No. 418.

Remittances were regularly made to the Gladewater bank of the proceeds of these two drafts; the Gladewater bank credited the proceeds to "Chas. S. Coham," and on three checks drawn by "Chas. S. Coham" paid the proceeds to the very person who originally presented the drafts for collection. Though this person represented himself to the bank as being in the oil business and as being "in a hurry" to get out of Gladewater with a truck of oil, the very officer of the bank who accepted from him the drafts for collection knew that he did not leave Gladewater, but that he remained in Gladewater for at least two weeks after the first draft was presented for collection, and that he remained there until he had drawn out of the bank all of the proceeds of the two drafts. The identity of this party was never known. After drawing out the money he left Gladewater.

When appellee Osborne learned that Mr. Cohen had not received his drafts, he requested the Sacul State Bank to stop payment thereon, but at that time both drafts had been paid. He then demanded of the four banks payment of the amount of the drafts. When payment was refused, he instituted this suit against the four banks, alleging the execution and delivery to him of the drafts, his efforts to deliver them to Mr. Cohen, the loss of the drafts, and their wrongful payment by the banks. The pleadings of the banks were sufficient to support their points of error. On trial to the court without a jury, judgment was entered in favor of appellee against the four banks for the amount of his drafts, with interests and costs, and in favor of three of the banks over against the Gladewater bank, as the principal defendant, for the amount they might be forced to pay on the judgment. The four banks prosecuted their appeal to the Texarkana Court of Civil Appeals. The case is on the docket of this court by order of transfer by the Supreme Court.

Opinion.

██ Appellants present the following points of error:

(a) It is contended that the evidence failed to show that the two drafts were stolen or abstracted from the United States mail. We concede appellants' proposition that, where a letter was properly addressed and mailed, there is a rebuttable presumption of fact that it was duly received by the addressee. But the evidence in this case rebutted the presumption relied upon by appellants; these drafts were never delivered to Chas. S. Cohen. But appellants contend that appellees failed to show that no man by the name of "Chas. S. Cohan" lived in Crockett, Tex. The evidence raised an issue of fact against their contention. Mail addressed to "Chas. S. Cohan" had been previously delivered to "Chas. S. Cohen." We know judicially from the United States census that Crockett is a small town, and that its citizens are known to each other generally. There was no suggestion in the record that a man by the name of "Chas. S. Cohan" lived in Crockett, or ever received mail at the Crockett post office. The man who presented the drafts for collection, as the original payee, told the bank that he lived at Trinity, not at Crockett. These facts and circumstances were sufficient to put appellants under the burden of offering testimony, to show that, in fact, a man by the name of "Chas. S. Cohan" lived in Crockett. The court was authorized to conclude that no one by the name of "Chas. S. Cohan" lived in Crockett and received his mail at that post office, and that the drafts were stolen or abstracted from the United States mail.

██ (b) The contention is made that the evidence failed to show "that the endorser, Chas. S. Cohan, was a fictitious person, or that his signature on the drafts was not genuine"; this contention is overruled. The holder of the drafts, when presenting draft No. 418 to the Gladewater bank for collection, while representing himself to be "Chas. S. Cohan" indorsed this draft "Chas. S. Coham," and so indorsed his signature card, and drew the proceeds of both drafts out of the bank by checks executed under the name of "Chas. S. Coham." The facts and circumstances brought forward under point (a) above, are sufficient to support the finding that "Chas. S. Cohan" was a fictitious person, and that the endorsement on draft No. 418 was not genuine, but was a forgery.

██ (c) The contention is made that the appellant banks did not have notice that the payee named in the drafts was a wrongful designation; that appellee had given to the cashier of the Sacul State Bank the name "Cohan" when he intended to give the name "Cohen." The evidence supports this point, but this point does not control the disposition of this case, for, contrary to another contention made by appellants, the evidence raised against the Gladewater bank the issue of negligence in accepting the drafts for collection and in paying out the proceeds. The Gladewater bank did not deal with the man who presented the draft to it for collection as one who had acquired it in due course of trade from the original payee, "Chas. S. Cohan," but dealt with him as the original payee himself. The officer who handled the draft for the bank testified that he believed that this person was the payee, "Chas. S. Cohan," and that the letters or papers presented by this person identified him as the payee. Yet, in this connection, the bank accepted the signature from this person of "Chas. S. Coham," and accepted draft No. 418 from him indorsed "Chas. S. Coham," and that without any explanation from this person as to why he introduced himself as "Cohan" and indorsed the draft and signature card as "Coham." This person represented himself as being in a hurry to get out of Gladewater, yet the very officer who accepted this draft for collection knew, before the proceeds of these drafts were paid out, that he did not leave Gladewater after depositing the draft for collection. The circumstances relied upon by the bank to identify the holder of these drafts as the original payee were of such slight weight, on the issue of identification, as to raise against it the issue of negligence.

On the foregoing fact conclusions, the judgment of the lower court must be affirmed against all the appellant banks except Sacul State Bank. As to this bank there was no evidence raising any issue of liability against it, the judgment of the lower court against it is reversed, and judgment here rendered in its favor, taxing its cost against appellee.

Judgment affirmed in part, and in part reversed and rendered.