## CASUALTY RECIPROCAL EXCHANGE v. BALONEY.

### No. 4075.

Court of Civil Appeals of Texas. Beaumont.
Dec. 2, 1942.

Rehearing Denied Dec. 16, 1942.

———◆———

Wilder & Ippolito and Victor Ippolito, all of Beaumont, for appellant.

Adams, Hart & Daughtry, of Beaumont, for appellee.

WALKER, Chief Justice.

This is a workman's compensation case, with appellant, Casualty Reciprocal Exchange, the compensation insurance carrier, appellee, Jim Baloney, the employee, and Crystal Ice Company the employer. Appellee alleged that on the 14th of September, 1941, he suffered a total permanent disability while stacking cubes of ice in the course of his employment. On the verdict of the jury finding that issue in his favor, and the other necessary facts, he was awarded judgment for $3,000 to be paid in a lump sum, from which appellant has regularly prosecuted its appeal.

 Appellant's first point is that it was entitled to an instructed verdict on the ground that on the undisputed evidence appellee was employed in violation of Art. 705c of Vernon's Annotated Penal Code. On the undisputed evidence, appellee's employer was engaged in the manufacture of ice, and appellee was injured while handling the ice. It was further established that appellee at the time he was injured did not have and had not delivered to his employer the "certificate" required by Sec. 1 of Art. 705c of the Penal Code. On this statement appellant cites the following authorities in support of its proposition for an instructed verdict and for judgment non obstante

210

veredicto. Fort Worth Lloyds v. Roberts, Tex.Civ.App., 154 S.W.2d 882; Texas Employers' Ins. Ass'n v. Tabor, Tex.Com.App., 283 S.W. 779; Montgomery Ward & Co. v. Lusk, Tex.Civ.App., 52 S.W.2d 1110. We do not review appellant's authorities for the reason that the evidence before us does not bring this case within the construction of Art. 705c of the Penal Code invoked by appellant. There was no evidence that appellee's employer ever offered to the public for sale or tendered for public use any of its ice. The record is silent as to the use made of the ice manufactured by appellee's employer. There was no evidence against the conclusion that, as between him and his employer, appellee was employed in good faith and that he continued on his job in good faith, believing that he was a legal employee and entitled to all the benefits of an employee. To defeat his claim on the construction given Art. 705c of the Penal Code by the authorities cited by appellant, the burden certainly rested upon it to show with reasonable certainty that appellee's employment fell within the provisions of Art. 705c. This court will not aid appellant's defense by intendments arising on the evidence and by inferences to be drawn therefrom, as a matter of law, unless compelled to do so by the established principles of our jurisprudence. So, while this court must take judicial knowledge of the process by which artificial ice is manufactured and of the general use of artificial ice, we are not compelled, on the evidence before us, to draw the conclusive inference that appellee's employer was engaged in manufacturing and selling ice to the public. If this was a fact it could have been easily established by appellant, and its failure to establish so obvious a fact raises an inference against it. The following authorities support us in refusing to take judicial knowledge of the fact that appellee's employer was engaged in manufacturing and selling ice to the public. Brown v. Piper, 91 U.S. 37, 23 L.Ed. 200; Miller v. Texas & N. O. R. Co., 83 Tex. 518, 18 S.W. 954; Bland v. State, 42 Tex.Cr.R. 286, 59 S.W. 1119; Jackson v. State, 70 Tex.Cr.R. 582, 157 S.W. 1196. We should also say that the inference invoked by appellant is rebutted by the presumption that all men obey the law until the contrary is shown, and that parties to a contract have not contracted in violation of the Penal Code.

■ Appellant's proposition on the refusal of the court to submit its requested issue on "temporary incapacity" was ruled against it by this court in Maryland Cas. Co. v. Abbott, 148 S.W.2d 465. These authorities have been approved by our Supreme Court, and rule appellant's proposition.

■ We overrule appellant's point that it was entitled to judgment non obstante veredicto on the ground that under all the evidence appellee's disability was due solely to old age. At the time he was injured, appellee was about 62 years old. All his life he had been doing hard manual labor, and for many years prior to his injury had worked around ice houses, pulling 300 pound blocks of ice. For seven years he worked as a laborer cleaning coke stills. At the time he was injured he was moving a 300 pound block of ice. Prior to his injury he had worked without physical discomfort.

The judgment of the lower court is affirmed.