## BEARD v. SMITH.

### No. 3040.

Court of Civil Appeals of Texas.

Eastland.

Nov. 6, 1953.

McMahon, Springer, Smart & Walter, Abilene, for appellant.

John Norman, Winters, Scarborough, Yates, Scarborough & Black, Abilene, for appellee.

LONG, Justice.

A. D. Smith instituted this suit against George Beard for damages as a result of a collision between a car being driven by the wife of Smith and a truck operated by George Beard. Beard filed his plea of privilege to be sued in Tom Green County, the county of his residence. Smith controverted said plea and sought to hold venue in Coleman County under Subdivision 9 of Article 1995, Vernon's Annotated Revised Civil Statutes. Upon a hearing, the court overruled the plea of privilege and Beard has appealed.

By his first point appellant contends that there is no evidence, or at least insufficient evidence, to establish that the trespass upon which appellee relies occurred in Coleman County. Mrs. Smith was the only witness who testified on this issue. Appellant, in his brief, quotes the following testimony of Mrs. Smith which he contends is all of the evidence on the issue of where the accident occurred:

"Q. You did run up behind a truck in Santa Anna, I believe, is that right? A. That's right.

"Q. And where did you first run up behind this truck? A. At a red light, the last one coming out, toward, come to Coleman.

"Q. Coming to Coleman you pulled up and stopped behind this truck? A. That's right.

"Q. And then how long did you follow the truck, Mrs. Smith? A. I don't know just how far it was, but it was around a curve; we come around a curve.

"Q. After you first come out of Santa Anna there's a curve and it is a long curve, is it not? A. Yes.

"Q. And you followed the truck until you got around this curve? A. Yes, sir.

"Q. And then what did you do? A. Well, I could see a clearance, I could go around the truck, so I started to go around it and as I started around I pulled, got part of the way passed the truck, just up to the back of the truck like, you know, around the back wheels; as I started around him he pulled out in front of me in my lane, caused me to come out, off, I had to jerk over to keep him from hitting me."

\*   \*   \*   \*   \*   \*

"Q. What direction were you traveling at the time of this incident? A. Well, I guess, northwest; I don't know.

"Q. Northwest? A. From Santa Anna out this way, if you know the direction—I can show you where it was. I just guess that was the direction."

 Appellee, in reply to the contention that the evidence fails to show that the trespass occurred in Coleman County, asserts that the above testimony conclusively shows that the trespass did take place in that county. From an examination of this evidence, together with all of the evidence, we have concluded that the accident occurred at a point between the town of Santa Anna and the town of Coleman. We cannot take judicial notice that Santa Anna is located in Coleman County. The city of Coleman is the county seat of Coleman County and we can take judicial notice that it is situated in Coleman County. However, without knowing that Santa Anna is in Coleman County, we cannot fix the scene

of the trespass in Coleman County. McCormick and Ray, Texas Law of Evidence, § 105, page 174; Missouri, K. & T. Ry. Co. of Texas v. Lightfoot, 48 Tex.Civ.App. 120, 106 S.W. 395. The burden was upon appellee to establish that the trespass occurred in Coleman County. We have determined that appellee failed to discharge this burden and that appellant's first point must be sustained. Bates v. Stinnett, Tex.Civ. App., 170 S.W.2d 644; Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91.

By his second point appellant contends that the affidavit to appellee's controverting plea is insufficient. We do not agree with this contention. The affidavit is made by Hon. J. R. Black, Jr., one of the attorneys for appellee, and in all respects meets the requirements of the law. Montgomery v. Gibbens, Tex.Civ.App., 245 S.W.2d 311.

Because of the failure of appellee to prove the trespass relied upon occurred in Coleman County, the judgment of the trial court is reversed and the cause is remanded.

Reversed and remanded.