HERMAN MOORE V. STATE

No. 26,995.  June 2, 1954

*Reynolds & Tucker,* Shamrock, by *W. M. Tucker,* Sherman, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for the unlawful possession of intoxicating liquor for the purpose of sale in a dry area, with punishment assessed at a fine of $1,000.

The complaint upon which the information in this case was predicated charged in a single count, only, the unlawful possession for the purpose of sale of whisky and wine in a dry area.

The information which the county attorney presented upon that complaint carried an additional count alleging a prior conviction for an offense of like character.

A motion to quash the information because of the variance was presented and overruled.

The trial court submitted to the jury the question of prior conviction for the enhancement of the punishment.

The punishment assessed by the jury was authorized under the statute authorizing enhancement of punishment, Art. 61, P. C.

In Royal v. State, 156 Texas Cr. R. 492, 244 S.W. 2d 239, we held that prior convictions not alleged in the complaint were ineffective and should not have been submitted to the jury, because the complaint controls the information.

The state's attorney before this court concedes that the enhanced punishment should not have been submitted to the jury.

Attention is also called to the fact that in proving the dry status of the county, the state failed to introduce in evidence or show the publication by the county judge of the order putting local option into effect. Such proof is essential to establish the dry status of the county, within the meaning of the Texas Liquor Control Act. Gober v. State, 147 Texas Cr. R. 395, 181 S.W. 2d 279; Watson v. State, 135 Texas Cr. R. 632, 122 S.W. 2d 311.

The evidence does not reflect, therefore, that the county was a dry area.

For the errors pointed out, the judgment is reversed and the cause remanded.

Opinion approved by the court.