**Glenn H. FAIRALL, Appellant,**

v.

**Curtis W. SUTPHEN et al., Appellees.**

No. 15760.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 16, 1956.

Kelly, Morris, Keller & Walker, and Jearl Walker, Fort Worth, for appellant.

Garrett & Garrett and Rufus S. Garrett, Jr., Fort Worth, for appellees.

MASSEY, Chief Justice.

Curtis W. Sutphen was driving his automobile in a westerly direction along U. S. Highway 80 at a point one and one-half miles west of Arlington, Texas, and between the cities of Fort Worth and Arlington, when, and at which point, his automobile collided with that of Glenn H. Fairall, a resident of Dallas County, Texas. Thereafter, Sutphen sued Fairall for damages in an action grounded upon negligence on the part of the latter which occurred in Tarrant County.

Fairall filed a plea of privilege which was duly controverted by Sutphen, and wherein he raised the question of venue under the provisions of Art. 1995, § 9a, .V.A.T.S.

Upon hearing, the plaintiff established by his evidence the facts set forth in the first sentence of the first paragraph of this opinion. However, nowhere in the testimony was the point of the collision, or the point at which the negligence occurred proximately resulting in the collision, shown to have occurred in any particular county. The negligence and the collision in which it resulted were sufficiently shown to have occurred at one and the same place.

. The question is whether the judgment of the trial court overruling Fairall's plea of privilege can be upheld, or whether the case must be remanded for another trial in which the evidence can be more fully developed. Jackson v. Hall, 1948, 147 Tex. 245, 214 S.W.2d 458; Killingsworth v. Bitner, Tex.Civ.App., Austin, 1954, 272 S.W. 2d 749.

 Of course, it is common knowledge within our own jurisdiction, and certainly within the trial court's jurisdiction, that U. S. Highway 80 runs between the City of Fort Worth, the county seat of Tarrant County, and the City of Dallas, the county seat of Dallas County, Texas, and traverses no other county in carrying motor traffic between such cities. Furthermore, the two counties have a common boundary, and the boundary lines of both— on the north and on the south—form a continuous line. The boundaries of each county constitute survey lines unaffected by the course of any river, etc. Of all this we may furthermore take judicial notice, for it relates to boundaries and limits of counties within our jurisdiction, to the relation or contiguity of one county to another, as well as to principal highways and seats of county government. McGill v. State, 1888, 25 Tex.App. 499, 8 S.W. 661.

 It is also common knowledge within the trial court's jurisdiction that Arlington, Texas, is a city in Tarrant County, which city's easternmost limits extend to the west boundary line of Dallas County. However, we have reached the conclusion that it is not within the province of a Court of Civil Appeals to notice this judicially.

In instances where a situs is fixed as lying between a county seat and a boundary line of the county, such as a river, there are decisions holding that the situs is proved as within the county. McGill v. State, supra; Fidelity & Casualty Co. v. Branton, Tex.Civ.App., Beaumont, 1934, 70 S.W.2d 780, writ dismissed. The only case to which we have been cited which holds that some other character of proof relative to boundary as sufficient to fix a situs within a county is that of Smith v. Conner, Tex. Civ.App., Galveston, 1948, 211 S.W.2d 630, 632. That case was a plea of privilege case in which the defendant's plea was overruled and where he took an appeal in part upon the contention that the alleged trespass was not shown to have occurred in Harris County, Texas. The evidence showed that defendant was on a trip between Houston, the county seat of Harris County, and San Antonio, the county seat of Bexar County, some distance removed to the east. The automobile collision and trespass was proved to have taken place about two miles east of the town of Katy, Texas. The Court of Civil Appeals stated "* * * there was ample evidence to support—indeed, to compel—a finding upon the trial court's part that the accident did happen well within Harris County, about two miles east of the town of Katy, Texas, which town itself lay upon the western border of the County;" then, immediately following, the court states further: "in fact, the Court may take judicial knowledge that at Highway 90, where this accident occurred, the western boundary line of Harris County is the Town of Katy." As authority for its holding in the latter respect, the court cites the two cases we have previously cited.

Other cases of some analogy are to be found in footnote No. 9 under 17 Tex.Jur., "Evidence—Civil Cases", p. 186, sec. 17, "Location of Cities and Towns—County Seats", and in the Ten-Year Supplement. In none of such cases is the question be-

fore us as nearly analogous as in Smith v. Conner, supra.

While we recognize the fact that in many states the location of places other than seats of government for counties are judicially noticed as located within certain counties, and that the situs of some event taking place on a road running between and connecting the two places is judicially noticed as being within the county, see 31 C.J.S., Evidence, § 33, p. 580 et seq., "Particular Geographical Facts", sub. b, "Names, Location, and Boundaries", we do not understand this to be the case in Texas. Hunt v. State, 1954, 160 Tex.Cr.R. 115, 269 S.W.2d 385; C. F. Lytle Co. v. Preston, Tex.Civ.App., Fort Worth, 1943, 175 S.W.2d 440; Conner v. Manning, Tex. Civ.App., Beaumont, 1932, 54 S.W.2d 249. Of course, if we cannot judicially notice that a certain city or town, other than the county seat, is within a county at all, even though the fact is a matter of common knowledge, it would necessarily follow that we could not judicially notice the particular part of the county in which such a city or town is to be found. Long ago it was stated: "Whilst courts take notice of the territorial extent of the jurisdiction and sovereignty exercised de facto by their own government, and of the local divisions of their country,—as into States, provinces, counties, cities, towns, local parishes, or the like,—so far as political government is concerned or affected, and of the relative positions of such local divisions, but not of their precise boundaries, further than they may be disclosed in public statutes (1 Greenl. on Ev., sec. 6), still courts do not take notice that particular places are or are not in particular counties." Boston v. State, 1879, 5 Tex.App. 383, 32 Am.Rep. 575.

 Art. 2620, V.A.T.S., provides that the North Texas Junior Agricultural, Mechanical and Industrial College at Arlington, Tarrant County, Texas, shall be known as the Arlington State College. This is a special statute, and does not enable us to judicially notice that Arlington is in Tar-

rant County, Texas, our authority to so notice location of towns being limited to such places as are recognized by general statute. See footnote No. 8 under page and section of 17 Tex.Jur., previously cited.

■ While we recognize that as a matter of common knowledge the place where the cause of action arose was undisputably in the county of the suit, we believe the weight of authority in this State compels our holding that the matter must be proven in the evidence, it not constituting a fact of which we may take judicial notice.

The judgment is reversed and the cause remanded for another trial.