JOE WARREN V. STATE

No. 28,966. April 17, 1957.

*Cowsert & Bybee*, Hereford, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for transporting whiskey and beer in a dry area; the punishment, a fine of $200.00.

The complaint upon which the information was presented contained one count which charged, in substance, that appellant unlawfully transported whiskey and beer in a dry area. No allegation was therein made with reference to a prior conviction

for an offense of like character. The information upon which the case was tried and submitted to the jury and upon which the jury returned its verdict finding appellant guilty as charged contained a count charging a prior conviction of an offense of like character.

The complaint, not alleging a prior conviction, would not authorize an information alleging a prior conviction, because an information must be based upon a complaint and limited by the allegations of the complaint. Art. 415, Vernon's Ann. C.C.P. The prior conviction, not having been alleged in the complaint, should not have been submitted to the jury. Royal v. State, 156 Cr. Rep. 492, 244 S.W. 2d 239 and Moore v. State, 160 Texas Cr. Rep. 220, 268 S.W. 2d 471.

We further observe that although it was stipulated that Swisher County was a dry area, a search of the statement of facts, which purports to contain a true and correct transcript of all the proceedings had upon the trial, fails to show that the state proved that the appellant transported the whiskey and beer in Swisher County.

The proof shows only that the transportation was in the town of Happy. The town of Happy not being the county seat of Swisher County, we cannot take judicial notice that it is in said county. Hunt v. State, 160 Texas Cr. Rep. 115, 269 S.W. 2d 385.

In violations of laws adopted by local option elections, the locus of the offense is an integral part of the proof. Sims v. State, 157 Texas Cr. Rep. 192, 247 S.W. 2d 1022; Teal v. State, 159 Texas Cr. Rep. 289, 263 S.W. 2d 260; Yarbrough v. State, 159 Texas Cr. Rep. 302, 263 S.W. 2d 557; and Hunt v. State, supra.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.