O. B. HARPER, d/b/a Harper Electric Company, Appellant,

v.

S. D. KILLION, Appellee.

No. 7294.

Court of Civil Appeals of Texas.

Texarkana.

March 7, 1961.

Rehearing Denied April 4, 1961.

C. A. Keeling, of Law Offices of Gordon R. Wellborn, Henderson, for appellant.

Spruiell, Lowry, Potter, Lasater & Guinn, Tyler, for appellee.

FANNING, Justice.

This is a venue case. The judgment of the trial court is affirmed.

Plaintiff filed suit in the District Court of Cherokee County, Texas. Defendant, a resident of Henderson, Rusk County, Texas, filed a plea of privilege to be sued in the county of his residence. Plaintiff controverted the plea of privilege, seeking to maintain venue in Cherokee County, Texas, under Exception 7 of Art. 1995, V.A.T.S. The trial court, after hearing evidence, overruled defendant's plea of privilege and defendant has appealed.

Appellant presents a single point on appeal as follows: "Plaintiff having failed to prove that the fraud complained of was committed in Cherokee County, the trial court erred in overruling defendant's Plea of Privilege."

No attack is made upon the trial court's implied findings on fraud. The only attack made on the judgment is that the fraud complained of was not proven to have been committed *in Cherokee County*.

The record reveals that the fraudulent acts were committed at Cherokee Livestock Auction (plaintiff's place of business) in Jacksonville, Texas. The evidence did not spell out that Jacksonville, Texas, was located in Cherokee County, Texas.

Appellant contends that since Jacksonville, Texas, was not the county seat of Cherokee County, Texas, and was not recognized by any public statute as being located in Cherokee County, Texas, that the trial court was not authorized to take judicial notice that Jacksonville, Texas, was located in Cherokee County, Texas. Among the authorities cited by appellant on his contention are: Conner v. Manning, Tex. Civ.App., 54 S.W.2d 249, no writ history; Wilson v. Ryan, Tex.Civ.App., 163 S.W.2d 1087, no writ history; and Fairall v. Sutphen, Tex.Civ.App., 296 S.W.2d 309, no writ history. (Note: Both appellant and appellee erroneously refer to the Fairall v. Sutphen case, supra, as a "writ refused" case; however the writ of error tables show no writ history and the Clerk of the Supreme Court of Texas has advised us that the records of his office do not show any writ history on the Fairall v. Sutphen case.)

It is appellee's position that the trial judge had discretionary authority to take judicial notice of the well-known, easily ascertainable and undisputable fact that Jacksonville, Texas, was located in Cherokee County, Texas, and that it must be presumed that the trial judge, in support of his judgment, took judicial knowledge that Jacksonville, Texas, was located in Cherokee County, Texas. Among the authorities cited by appellee in support of this contention are: Smith v. Conner, Tex.Civ.App., 211 S.W.2d 630, no writ history; Duff v. Secured Fire & Marine Ins. Co., Tex.Civ. App., 227 S.W.2d 257, no writ history; American Empire Life Insurance Company et al. v. Hakim et al., Tex.Civ.App., 312 S. W.2d 739, no writ history; Clement v. McNiel, Tex.Civ.App., 328 S.W.2d 823, no writ history.

The doctrine of judicial notice is one of common sense. The theory is that, where a fact is well-known by all reasonably intelligent people in the community, or its existence is so easily determinable with certainty from unimpeachable sources, it would not be good sense to require formal proof.

There are certain facts of which a court must take judicial notice. There are other facts which it may in its judicial discretion notice. In applying the principle of judicial notice the courts reflect the stage of civilization and progress of the people. Facts of which proof was required in the past may today be so well recognized that a court is authorized in its discretion to judicially notice them. See 1 McCormick & Ray Evidence, pp. 173–174.

Texas courts will take judicial notice of the location of a town where it is the county seat of a county in this state or where its situation has been recognized by the public statutes of this state. 17 Tex. Jur., Sec. 17, p. 186. 1 McCormick & Ray Evidence, p. 221. We take judicial notice that Rusk, Texas, is the county seat of Cherokee County, Texas.

Judicial notice may also be taken that there is but one city of a particular name in the state. 17 Tex.Jur., Sec. 18, p. 187. There is but one city in this state by the name of Jacksonville, Texas, of which fact we take judicial knowledge.

It is common and easily ascertainable knowledge that the city of Jacksonville, Texas, is located in Cherokee County, Texas. This fact is commonly known by most well-informed persons in Texas, and is especially well-known to most of the residents of East Texas and can readily be ascertained by any uninformed person from unimpeachable sources. That Jacksonville, Texas, is located in Cherokee County, Texas, is a fact which can not be successfully disputed.

■ In the case at bar, it is presumed that the trial court in support of his judgment, took judicial notice of the commonly known, easily ascertainable and undisputable fact that Jacksonville, Texas, is located in Cherokee County, Texas.

We think that our stage of civilization and the progress of our people has come to the point where the trial judge in the case at bar, could within the exercise of his discretion, take judicial knowledge of the commonly known, easily ascertainable and undisputable fact that Jacksonville, Texas, is located in Cherokee County, Texas.

■ An appellate court can also take judicial notice of facts proper for the trial court to judicially notice. 1 McCormick & Ray Evidence, p. 176. We, in our judicial discretion, also take judicial knowledge of the commonly known, easily ascertainable and undisputable fact that Jacksonville, Texas, is located in Cherokee County, Texas.

The judgment of the trial court is affirmed.