O. B. HARPER D-B-A HARPER ELECTRIC COMPANY V.
S. D. KILLION

No. A-8384. Decided July 19, 1961
(348 S. W. 2d Series 521)

*Gordon R. Wellborn, Rex Houston, James N. Phenix* and *C. A. Keeling,* all of Henderson, for petitioner.

*Spruill, Lowry, Potter, Lasater & Guinn* and *Phillip C. Clayton, Jr.,* all of Tyler, for respondent.

MR. JUSTICE STEAKLEY delivered the opinion of the Court.

Respondent sued Petitioner, a resident of Rusk County, Texas, in Cherokee County which adjoins Rusk County. Petitioner filed his plea of privilege which Respondent controverted by invoking Exception 7 of Article 1995, V.A.C.S. Upon hearing, the evidence established that the acts of fraud were committed in Jacksonville, Texas, but no proof was made that Jacksonville is located in Cherokee County. The plea of privilege was overruled. There was no formal request that the trial court judicially notice that Jacksonville is located in Cherokee County and no affirmative showing appears in the record that the trial court did so.

On appeal, Petitioner presented the one point that the trial court erred in overruling his plea of privilege since plaintiff failed to prove that the acts of fraud were committed in Cherokee County. The Court of Civil Appeals took judicial notice that Jacksonville is located in Cherokee County and affirmed. 345 S.W. 2d 309.

The Courts of Civil Appeals have differed in the use of judicial notice in the context of our question; see the following cases, all with no writ history: Conner v. Manning, 54 S.W. 2d 249; Fairall v. Sutphen, 296 S.W. 2d 309; Beard v. Smith, 262 S.W. 2d 241; Martin v. Turnbow, 96 S.W. 2d 730; Loeb v. Turner, 257 S.W. 2d 800; First National Bank of Gladewater v. Osborne, 113 S.W. 2d 695; Smith v. Conner, 211 S.W. 2d 630; Duff v. Secured Fire & Marine Insurance Co., 227 S.W. 2d 257; American Empire Life Insurance Co. v. Hakim, 312 S.W. 2d 739; Clement v. McNiel, 328 S.W. 2d 823.

This Court, speaking through Chief Justice Stayton, in Texas-Mexican Ry. Co. v. Jarvis (1891), 80 Tex. 456, 15 S.W. 1089, said: "This Court judicially knows that the town of Palafox existed and, when it is said that a *porcion* of land was granted within its jurisdiction, we can only understand to be meant a tract of land such as was granted to an inhabitant of

towns established by the government, within their limits, but beyond the town proper. * * *." Of interest is the fact that the opinion further discloses "that the town of Palafox was destroyed by Indians about the year 1818."

In Ballard v. Carmichael, 83 Tex. 355, 18 S.W. 734, this Court in an opinion by Justice Gaines said: "We may safely assume to know judicially that a vice-president, in the common acceptation of that term, is an officer designated for the purpose of performing the functions of the president when for any reason the latter cannot act;" in so saying, this Court was considering the statute authorizing a corporation to convey lands by deed signed by the president.

It was recognized in 1892 that "There is a growing disposition for the courts to extend the area of judicial knowledge." Miller v. Texas & N. O. R. Co., 83 Tex. 518, 18 S.W. 954, 955. The rule was stated in this case as follows:

"As a general rule, a court in making its conclusions, is to take no notice of facts not in evidence. * * * There are certain facts, however, which may be judicially noticed by the courts, because of their public notoriety and indisputable existence. Railroads are public highways, and it is a matter of history that important lines of railroad, once established, have remained as fixed and permanent in their course as the rivers themselves. Their locality becomes so notorious and indisputable that the courts will take notice thereof. * * * Care must be taken that the requisite notoriety exists, and every reasonable doubt on the subject should be promptly resolved in the negative."

This Court in Turner v. Tucker, 113 Tex. 434, 258 S.W, 149, held: "This Court takes judicial knowledge that within Texarkana is located a large portion of the population and property of Bowie County, and that the town of Boston, and not the city of Texarkana, is the county seat."

In Reynolds v. McMan Oil & Gas Co. (Comm. App.), 11 S.W. 2d 778, 784, approved by this Court, judicial knowledge was taken that casing-head gas "contains component parts of the petroleum oil, is both oil and gas; that liberating the pressure of the earth upon the gas which exists in the oil in liquid form under the earth permits the escape of the gas by reason of its buoyancy, and that in its escape it carries with it the lighter,

more volatile parts of the petroleum in such quantities that it is easily recoverable in the form of gasoline—which contains the most valuable elements of the crude oil. The courts judicially know these facts (though the judicial memory with respect thereto is greatly refreshed from examining the authorities)."

After recognizing that "in making decision, the courts will take judicial notice of all matters of science or common knowledge without the necessity of proof," the court continued by saying, "Of course, this judicial notice implies the absolute truth of the fact known, and, such fact being undisputed, its effect becomes matter of law."

Johnson v. McMahon, 118 Tex. 633, 15 S.W. 2d 1023, involved the question of the right of a landowner to drain water off his land and judicial knowledge was taken "of the general character of the country" as being "rolling plains country with occasional basins and ponds where much of the drainage was by small draws * * *."

Chief Justice Cureton, speaking for this Court in International-Great Northern R. Co. v. Reagan, 121 Tex. 233, 49 S.W. 2d 414, 416, took judicial knowledge "of the general physiographic features of the county in which they are located, and have concluded that the map of Robertson County made by the land office of the state of Texas, and the United States geological survey maps, may bring before us those facts which we judicially know."

In Brass v. Texarkana & Fort Smith R. Co., 110 Tex. 281, 218 S.W. 1040, Chief Justice Phillips, speaking for this Court, refused to assume certain facts because "it is universally known" otherwise, and concluded "A court cannot blind its eyes to the knowledge of a fact which is notorious throughout its jurisdiction."

In Burtis v. Butler Bros., 148 Tex. 543, 226 S.W. 2d 825, we spoke of judicial notice as "a matter of evidence and knowledge on the part of courts which requires no formal proof," the specific holding being "that a trial court * * * will take judicial notice of the subdivision of the state into counties, and also of the location of the county seats of these counties. * * * The courts of Texas judicially know that Dallas is a county in Texas and also that it is a city which is the county seat of Dallas County, Texas. This is 'naming a particular county, or a definite

place therein' by a written instrument as is required by sub-division 5 of Article 1995 * * *."

Under the safeguards of the decisions by this Court reviewed above, we hold that a district court sitting in Cherokee County can judicially notice the certain and indisputable fact of common knowledge that the entire city of Jacksonville is located in such county, and that the Court of Civil Appeals properly did so in this case notwithstanding the district court was not formally requested so to do and did not formally announce that it had done so.

We recognize the holdings of the Court of Criminal Appeals to the contrary in the field of criminal law. See Hunt v. State, 160 Tex. Cr. R. 115, 269 S.W. 2d 385; Warren v. State, 164 Tex. Cr. R. 544, 300 S.W. 2d 953. In Shrader v. Ritchey, 158 Tex. 154, 309 S.W. 2d 812, we did not hesitate to follow the construction by the Court of Criminal Appeals of a statute which is penal in nature. Such is not the case here.

The judgment of the Court of Civil Appeals is affirmed.