Donald LADEHOFF, Appellant,

v.

Howard E. BOXWELL et al., Appellees.

No. 3976.

Court of Civil Appeals of Texas.

Eastland.

April 23, 1965.

Rehearing Denied May 21, 1965.

Lumpkin, Watson, Dunlap & Smith, Amarillo, for appellant.

Monning & Monning Amarillo, for appellees.

COLLINGS, Justice.

Howard E. Boxwell and Joe A. Allred brought suit in Potter County against Donald Ladehoff, seeking to recover $26,-600.34, with interest, alleged to be due under the terms of a contract in writing. The defendant filed a plea of privilege to be sued in Oldham County, the place of his residence. Plaintiffs filed a controverting affidavit asserting the right to maintain venue in Potter County under subdivision 5 of Article 1995, Vernon's Ann.Tex.Civ.St. The plea of privilege was overruled and Donald Ladehoff has appealed.

It is undisputed that the residence of Ladehoff at all times material is and was in Oldham County. The controversy concerning venue involves the question of whether the contract which is the basis of this suit provides for payment of money by appellant

in Potter County or at a definite place therein as contemplated by subdivision 5 of the venue statute.

The record shows that appellant and appellees each owned an undivided one-third interest in certain real and personal property situated in Deaf Smith County. On April 13, 1961, appellees Boxwell and Allred, entered into a contract in writing with respect to this property with appellant, Ladehoff. The contract gave Ladehoff an option to purchase the interests of appellees, so that Ladehoff would become the sole owner of all the real and personal property.

Appellant exercised the option in accord with the terms of the contract. Paragraph 3 of the contract deals with the rights and obligations of the parties in the event of exercise of the option. Subparagraph d of paragraph 3 deals with the rights and obligations of the parties as to ensilage located in two pits on the property. After providing the determination of the amount of usable ensilage on hand in the pits and that Ladehoff should have the duty to care for, use and make sales of, and account for this ensilage, subparagraph d provides as follows:

"He shall sell it for the best price reasonably obtainable, but at no less than $6.00 per ton. If he feeds his own livestock any of that ensilage, he shall account for all so used at the rate of $6.00 per ton. He shall deliver all sums of money so received or collected, or for which he shall become obligated, to The First National Bank of Amarillo. The sums so delivered shall be credited entirely to the reduction of the principal balance of the 'ensilage note' now held by First National Bank * * *. Optionee shall continue to sell the ensilage and deliver all receipts therefrom to First National Bank at Amarillo, Texas, and all such sums shall be credited to the unpaid principal amount of the renewed three year note * * *

The delivery of all receipts from the sale of ensilage shall be made by Op-

tionee no less frequently than every 60 days during such three year period. During any 60 day period when no ensilage has been sold or used, that fact shall be reported to First National Bank * * *."

Appellees indicate that they do not dispute appellant's contention that the "ensilage note" mentioned in the contract cannot be the basis for maintaining venue in Potter, but they do rely upon the provisions of the written contract. Appellees' suit as shown by their pleadings was brought to collect all amounts due them under the terms of the written contract which provided for sale, or use by appellant, of the ensilage in certain pits. Appellees point out that the contract obligates appellant to perform an obligation, that is, to "deliver all receipt" from the sale of ensilage to "The First National Bank at Amarillo, Texas." Appellees contend that by such writing appellant contracted to deliver such receipts to a specific place, that is, to the First National Bank at Amarillo and that the record shows the location of such bank to be in Potter County. The record does show that the First National Bank of Amarillo is located in Potter County, Texas.

Appellant's contention is, in effect, that he did not by the instrument in question contract in writing to perform the obligations therein imposed upon him in Potter County or at a definite named place in such county. We sustain this point. The contract provides that appellant will deliver the proceeds of the sale of such ensilage to the First National Bank of Amarillo, not that he will perform such obligation at the First National Bank of Amarillo. The place of performance provided for in the contract is "at Amarillo". The question is whether a promise to pay at Amarillo is a promise to pay in Potter County. In our opinion this question must be answered in the negative. This is true because portions of the City of Amarillo, the designated place of performance, are located in two counties, in Potter County and in Randall

County. Appellant's obligation under the contract could be complied with by performance in either of the two counties. This does not show a written contract performable in a particular county or at a particular named place therein as required by subdivision 5 of the venue statute. Great Western Loan and Trust Co., Inc. v. Montgomery, Tex.Civ.App., 376 S.W.2d 92.

 No evidence was introduced showing that Amarillo was located in both Potter and Randall Counties and no request was made to the trial court to take judicial notice of such fact. Ordinarily, courts will take judicial notice of the city which is the county seat of a certain county. Such judicial notice is taken because the fact that a county seat is located in the county is so well known and so easily ascertainable that proof will not be required. Amarillo is the county seat of Potter County. It is well known by the people of that community that part of the city is in Potter County but it is also well known that part is in Randall County. The existence of this fact is well known in that portion of the State and is easily ascertainable with certainty from unimpeachable sources. The Texas Almanac shows that Amarillo is partly in Potter County and partly in Randall County. The Official Highway Travel Map of the Texas Highway Department indicates that Amarillo is partly in Potter County and partly in Randall County. Appellant states in his brief that Amarillo is in the two counties and appellee does not deny the statement. Under these circumstances common sense requires that judicial notice be taken of the fact that the City of Amarillo is situated in the two named counties and it would not be good sense to require formal proof of the fact. See Texas Law of Evidence, McCormick and Ray, page 170 and Harper v. Killion, Tex.Civ.App., 345 S.W.2d 309. This case was affirmed by our Supreme Court in an opinion set out in 162 Tex. 481, 348 S.W.2d 521, which held:

" * * * that a district court sitting in Cherokee County can judicially no-

tice the certain and indisputable fact of common knowledge that the entire city of Jacksonville is located in such county, and that the Court of Civil Appeals properly did so in this case notwithstanding the district court was not formally requested so to do and did not formally announce that it had done so."

The judgment is reversed and the cause remanded with instructions to transfer the case to the District Court of Oldham County.