BUCKALOO TRUCKING COMPANY et al.,
Appellants,

v.

Mrs. Bennie M. JOHNSON, a widow, et al.,
Appellees.

No. 255.

Court of Civil Appeals of Texas.

Corpus Christi.

Dec. 15, 1966.

Lewright, Dyer & Redford, J. M. Burnett, Corpus Christi, for appellants.

Butler, Binion, Rice, Cook & Knapp, John L. McConn, Jr., Houston, for appellees.

## OPINION

GREEN, Chief Justice.

This is a venue case. The only point of error made by appellants to the court's order overruling their joint plea of privilege reads as follows:

"The Trial Court erred in overruling Appellant's Plea of Privilege for the reason that Appellees, Plaintiffs below, did not establish upon the hearing on the Pleas of Privilege that the collision occurred in Nueces County, Texas."

■ The burden was on appellees at the venue hearing to prove, among other requirements not in issue on this appeal, that the collision between deceased's car and defendants' truck occurred in Nueces County, Texas. In order to make such proof, appellees introduced evidence that the collision occurred about seven-tenths of a mile west of Clarkwood on State Highway No. 44 between Corpus Christi and Robstown, and that Highway 44 is one of the main arteries from Corpus Christi to Robstown. Other than that, there was no testimony that the cause of action sued upon arose in Nueces County, Texas. The question to be determined is whether considering the applicable rules of *judicial notice,* such evidence supports the implied finding of the trial court that the accident happened in Nueces County, Texas.

Appellants recognize the well established rule that a court may take judicial notice that a particular town is the county seat and is located within the boundaries of the county. Tyson Const. Co. v. Seaport Grain, Inc., Tex.Civ.App., 388 S.W.2d 731, 735, writ dism.; Yanta v. Davenport, Tex.Civ. App., 323 S.W.2d 636, writ dism. Of course this rule is subject to the qualification that where the county seat of one county is partially in one county and partially in another, such as Amarillo, Texas, the court will take judicial notice that such city is not situated wholly within the county of which it is the county seat. Southwestern Investment Company v. Shipley, Tex.Sup.Ct., 400 S.W. 2d 304; Ladehoff v. Boxwell, Tex.Civ.App., 390 S.W.2d 368, writ dism. with written opinion by Sup.Ct., Boxwell v. Ladehoff, 400 S.W.2d 303.

Appellants, in support of their position as stated in the point of error, make a distinction between matters of common knowledge and matters which the courts may judicially notice, and cite a number of Courts of Civil Appeals cases as holding that, regardless of common knowledge, judicial notice will not be taken that a particular place is in a particular county when the same is not a county seat. Fairall v. Sutphen, Tex.Civ.App., 296 S.W.2d 309, n. w. h.; Ross Bros. Horse & Mule Co. v. First Nat. Bank of Coolidge, Tex.Civ.App., 158 S.W.2d 819, n. w. h.; Missouri, K. & T. Ry. Co. of Texas v. Lightfoot, 48 Tex.Civ.App. 120, 106 S.W. 395, writ ref.; Petroleum Casualty Co. v. Crow, Tex.Civ.App., 16 S.W.2d 917, n. w. h.; Carson v. Dalton, 59 Tex. 500.

On the other hand, a number of the Courts of Civil Appeals have held that a court may judicially notice that a place not the county seat is in a particular county. Some of the cases so holding are: American Empire Life Insurance Company v. Hakim, Tex.Civ.App., 312 S.W.2d 739, n. w. h.; Paul v. Johnson, Tex.Civ.App., 314 S.W.2d 338, writ dism.; Brown Express Company v. Dieckman, Tex.Civ.App., 344 S.W.2d 501, n. w. h.; Smith v. Conner, Tex.Civ.App., 211 S.W.2d 630, n. w. h.; Dormer v. Singleton Farm and Ranch, Tex.Civ.App., 351 S.W.2d 377, n. w. h.

In 1961, the Texas Supreme Court in a venue case took note of the fact that the Courts of Civil Appeals have differed in the use of judicial notice in the context of the question here involved in Harper v. Killion, 162 Tex. 481, 348 S.W.2d 521. After discussing a number of Texas cases on

judicial notice, the Court stated its holding as follows:

" * * * we hold that a district court sitting in Cherokee County can judicially notice the certain and indisputable fact of common knowledge that the entire city of Jacksonville* is located in such county, and that the Court of Civil Appeals properly did so in this case notwithstanding the district court was not formally requested so to do and did not formally announce that it had done so."

The Court pointed out that such rule would apply only in the trial of *civil* cases.

█ The following are certain and indisputable facts of common knowledge of which any district judge presiding over the trial of a civil case in Nueces County, Texas has authority to judicially notice: (1) that the city of Corpus Christi is the county seat of and is located entirely in Nueces County, Texas; (2) that the city of Robstown, though not the county seat, is entirely located in Nueces County, Texas, in a westerly direction from Corpus Christi; and that the western boundary of Nueces County lies several miles west of Robstown; see Smith v. Conner, supra; (3) that Clarkwood adjoins Corpus Christi on the west, and is in Nueces County, Texas; see Paul v. Johnson, supra; (4) that the portion of State Highway 44 extending from Corpus Christi to Robstown is entirely in Nueces County, Texas; (5) that a point on State Highway 44 about seven-tenths of a mile west of Clarkwood is in Nueces County, Texas; see Brown Express Company v. Dieckman, supra. We presume that the trial court in support of his judgment took judicial notice of such certain, commonly known, easily ascertainable and indisputable facts. As stated in the quotation from

Harper v. Killion, supra, this Court of Civil Appeals can take such judicial notice, notwithstanding the district court was not formally requested so to do, and did not formally announce that it had done so.

█ Appellant has filed a supplemental brief in which he raises the additional point that the evidence did not establish that the accident happened in the State of Texas. For the reasons heretofore stated, judicial notice is taken that the site of the accident was in Nueces County, Texas. In addition, appellant Moravitz, driver of the corporate appellant's truck on this occasion, testified that in his two and one-half hour's driving, preceding the collision, he went through such places as Kenedy, Beeville, Sinton, Odem, State Highway 9, State Highway 44, and that just before the collision he stopped on the highway headed into Corpus Christi within three-fourths of a mile from Clarkwood. Eye Witness Hart testified that he resided in Corpus Christi; that on the morning of the accident he ate breakfast at a cafe on Leopard Street in Corpus Christi, and then left on Highway 9, to Highway 44, and thence on 44 through Clarkwood to get to his job at Kingsville. Appellant admits in his brief that the evidence shows that the accident occurred on Highway 44 about seven-tenths of a mile west of Clarkwood. This suit was filed and the venue question was tried in a Texas district court sitting in Corpus Christi, Nueces County, Texas. All of the places and locations mentioned in the evidence are indisputably and according to common knowledge known to be within the State of Texas, and we believe it would be unthinkable to say that from the combination of such facts, taken together, we do not judicially know that the collision occurred in the State of Texas.

The judgment is affirmed.

* Jacksonville is not the county seat of Cherokee County. The city of Rusk is the county seat.