E. A. FREEMAN, Appellant,

v.

Howard C. HAM, Appellee.

No. 10354.

Court of Civil Appeals of Texas. Austin.

Oct. 26, 1955.

Rehearing Denied Nov. 16, 1955.

Vinson, Elkins, Weems & Searls, B. J. Crane, Jr., Houston, Phillips & Langworthy, Angleton, L. J. Clayton, Houston, for appellant.

Armond G. Schwartz, Halletsville, Hill, Brown, Kronzer & Abraham, Houston, for appellee.

ARCHER, Chief Justice.

Appellee herein recovered judgment against appellant for personal injuries allegedly sustained by appellee's wife, Mrs. Thelma Ham, as the result of an occurrence on February 2, 1952, when a motorbus owned by appellant and operated by him under contract with the Bay City Independent School District came in contact with a portion of a bridge railing. Appellee's wife was riding on appellant's bus as one of the adult sponsors or chaperones of a group of Bay City School children who had been taken to the annual Fat Stock Show at Houston and were being returned to their homes when the accident made the basis of this suit occurred.

Appellant was operating his bus on this particular occasion according to his contract with the School District and for this trip was paid on a per mile basis. Appellee and his wife paid nothing for their transportation from Bay City to Houston and return.

This appeal is before this Court on two points:

"First Point: The Court erred in overruling and not sustaining this Appellant's Motion for an Instructed Verdict, or, in the alternative, that the Court withdraw the cause from the jury and render a judgment that Plaintiff take nothing, upon this Appellant's Motion duly and timely made, because the evidence conclusively showed that Appellee's wife was a *gratuitious* guest on the bus operated by this Appellant and there is no evidence of any wilful or wanton conduct or gross negligence on the part of this Defendant

which may have proximately caused the injuries allegedly sustained by Appellee's wife.

"Second Point: The Court erred in overruling and not sustaining Appellant's Motion for Judgment that Appellee take nothing notwithstanding the jury verdict herein because the verdict of the jury contains no finding of gross negligence or wilful or wanton misconduct on the part of this Appellant proximately causing the injuries allegedly sustained by Appellee's wife."

The position of appellant is the question of whether or not appellee is entitled to recover for injuries sustained by his wife without either pleading or proving any acts of gross negligence or wilful or wanton misconduct on the part of the appellant, the evidence being undisputed that the appellee and his wife had paid nothing to ride on the bus operated by appellant and that appellant was paid nothing for their transportation except in so far as such transportation was covered by the mileage charge made by appellant under his contract with the School District.

The trip from Bay City to Houston and return was arranged by the Bay City School authorities so that the children who were members of the 4-H Clubs might attend the Houston Fat Stock Show. Appellant was paid according to a contract a stated sum for transportation of the pupils assigned him during the school year and an agreed mileage rate for special trips that the school might require. Appellant had not made trips for parties other than the School District for some years prior to the accident.

The appellant was paid the same amount of money had he driven the bus to Houston and back to Bay City empty, half full or loaded to capacity, and when arrangements were made for the use of the bus appellant did not know who was going to make the trip.

There are no allegations of gross negligence on the part of appellant and no issues were submitted with respect to allegations that appellant was a common carrier or as to negligence with respect to any high or unusual degree of care. No issues were submitted as to whether or not appellant received any pay from appellee or Mrs. Ham for her transportation.

Article 6701b, V.A.C.S., commonly called The Guest Statute, provides in part that no person transported over the highways by the operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages, etc.

It appears that the only question is whether or not Mrs. Ham was a guest of the appellant within the meaning of Art. 6701b, V.A.C.S.

Our Supreme Court in Cedziwoda v. Crane-Longley Funeral Chapel, 283 S.W. 2d 217, has, we believe decided the question before us favorable to the appellee.

In this instant case there is no contention made that there was any collusion between the bus owner, Mr. Freeman, and the Hams.

It was necessary for there to be sponsors for the trip. The group of young pupils could not have made the journey, unaccompanied by adults chosen as sponsors or caretakers for the children.

The payment of the sum agreed on to Mr. Freeman by the School District was for transportation of all, and Mr. Freeman knew that it was necessary that sponsors make the trip and that Mrs. Ham was a sponsor.

The judgment of the trial court is affirmed.