[No. 35306.     Department One.     July 21, 1960.]

MILTON E. WOODLAND, *Respondent*, v. HUBERT SMITH *et al.*, *Appellants.*[1]

[1]Reported in 354 P. (2d) 391.

*Palmer, Willis & McArdle,* for appellants.

*Nashem & Dobbs,* for respondent.

OTT, J.—December 9, 1957, while a passenger in an automobile owned and operated by Hubert Smith, Milton E. Woodland was injured in a collision resulting from the negligence of Smith.

Woodland commenced this action against Smith (who will be referred to herein as though he were the sole defendant) to recover damages. From a judgment entered upon the jury's verdict for the plaintiff, the defendant has appealed.

Appellant's four assignments of error raise a single issue: Is respondent barred, as a matter of law, by the host-guest statute (RCW 46.08.080) from recovering for his injuries?

RCW 46.08.080 [Laws of 1957, chapter 132, § 1] provides:

"No person transported by the owner or operator of a motor vehicle as an invited guest or licensee, without payment for such transportation, shall have cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless the accident was intentional on the part of the owner or operator, or the result of said owner's or operator's gross negligence or intoxication, and unless the proof of the cause of action is corroborated by competent evidence or testimony independent of, or in addition to, the testimony of the parties to the action: *Provided,* That this section shall not relieve any owner or operator of a motor vehicle from liability while it is being demonstrated to a prospective purchaser."

There is no contention that the accident was intentional, or that it was caused by gross negligence or intoxication on the part of the appellant driver. The only question is whether there was "payment for such transportation," as contemplated by the statute.

The appellant, a retired Jersey cattleman, was the chairman of the milk committees of the Yakima Valley and

Washington State Jersey Cattle Clubs. As chairman of these committees, he promoted the sale of Jersey milk and the establishment of processing and distributing plants in this state. He received no compensation for his services. He was employed part-time by the Twin City Creamery of Kennewick as a field representative.

Respondent was an employee of the Twin City Creamery and, in addition, owned and operated a milk route in Yakima. He also was interested in the promotion of the sale of all-Jersey milk. Respondent had learned of two prospective investors who might be interested in establishing an all-Jersey distributing plant in Yakima. Respondent was desirous of securing employment with such a distributor. Respondent testified that appellant had stated to him that he, too, would be interested in obtaining employment with such a concern. Appellant denied making this statement; however, when an all-Jersey distributorship was subsequently established in Yakima, he did accept employment.

Respondent arranged for a meeting between the two prospective investors and appellant and himself at 8:00 p. m., on the night of the accident. Appellant was not acquainted with the men, and respondent was to introduce them. Appellant and respondent were proceeding toward the meeting place in appellant's automobile when the accident occurred.

It is well settled that the factual requirements necessary to constitute payment for transportation, and thus avoid the bar of the statute, are:

(1) An actual or potential benefit in a material or business sense resulting or to result to the owner or operator of the automobile, and (2) that the transportation be motivated by the expectation of such a benefit. *McUne v. Fuqua*, 42 Wn. (2d) 65, 70, 253 P. (2d) 632 (1953); *Fuller v. Tucker*, 4 Wn. (2d) 426, 103 P. (2d) 1086 (1940).

In the instant case, the jury could have found that the meeting was a potential benefit to the appellant, in that he might secure employment as a result thereof, and that respondent's presence at the meeting motivated the transportation and benefited appellant (as well as respondent),

in that respondent was to introduce the men and participate in the presentation of the investment proposal. Such a factual determination by the jury established "payment for such transportation"; hence, the respondent passenger was not "an invited guest or licensee." See *Peterson v. Thorvaldsen*, 45 Wn. (2d) 376, 274 P. (2d) 844 (1954).

The factual questions were properly submitted to the jury, and decided adversely to the appellant.

The judgment is affirmed.

WEAVER, C. J., MALLERY, DONWORTH, and HUNTER, JJ., concur.