**Eustace CATE, Appellant,**

v.

**O. B. HOLCOMB, Appellee.**

No. 7445.

Court of Civil Appeals of Texas

Texarkana.

Aug. 20, 1963.

Rehearing Denied Sept. 10, 1963.

Ramey, Brelsford, Hull & Flock, Tyler, Sam B. Hall, Jr., Smith, Hall & Huffman, Marshall, for appellant.

Scott Baldwin, Baldwin & Baldwin, Marshall, Lyndon Olson, Bryan, Maxwell, Wilson & Olson, Waco, for appellee.

DAVIS, Justice.

Plaintiff-appellee sued defendant-appellant for personal injuries received by appellee as the result of an accident while appellee was riding in a truck being operated by appellant. Trial was to a jury, which answered the special issues in favor of appellee. Judgment was entered accordingly, and the appellant has perfected his appeal. He brings forward 13 points of error.

By his first 5 points of error appellant contends the trial court erred in rendering judgment against him because: 1. Appellee failed to meet the burden of proof that he did not occupy the status of a guest without payment for such transportation; 2. The findings of the jury did not remove appellee from the operation of the Texas Guest Statute, or change appellee's status as a guest without payment for such transportation; 3. The court's charge as a whole did not contain any issues inquiring as to whether appellant received anything of a definite tangible benefit which constituted the motivating influence for appellant furnishing the transportation to the appellee on the occasion in question; 4. The appellee failed to raise issues to show (1) that a definite relationship with appellant was established; (2) that a definite tangible benefit to appellant existed; (3) that such definite tangible benefit was the motivating influence which caused appel-

lant to furnish the transportation on the occasion in question; (5) In overruling appellant's objections and exceptions to the submission of special issue No. 15.

Appellant takes the position that the appellee was a "guest" within Art. 6701b, Vernon's Ann.Tex.St. Appellant was engaged in the business of general hauling. He owned a 1954 Chevrolet bobtail truck. He conducted his business from his home near McKinney, Texas. During the seasons, appellant hauled cantaloupes, onions, wheat and other crops for the farmers. On other occasions, he would take small jobs of hauling furniture. He was an independent contractor, and had no regular employees. When he needed help, he secured it from a place known as the "jockey lot" in McKinney, a place where unemployed persons desiring employment usually "hung around". They had been friends over quite a period of time. Appellee being unemployed most of the time was frequently given money by appellant just to "help him out". Appellee, a man 33 years of age, had made several trips with the appellant. On some of these trips, appellee was not paid anything, or did any work, except the appellant bought his meals and appellee did some of the driving. According to the evidence, on or about August 28, 1960, the appellant was contacted by a man who desired to engage him to haul a load of cantaloupes to New Orleans, Louisiana. He left his pickup at appellant's home and took appellant's bobtail truck to Princeton, where he loaded it with cantaloupes. About noon the same day, appellant drove by the "jockey lot" and asked the appellee if he would like to make a trip to New Orleans. Nothing was said at that time about any pay for appellee on the trip. Appellee got in the pickup with the appellant and they proceeded to Princeton where they got in the bobtailed truck loaded with cantaloupes and proceeded on their way to New Orleans. After they had started out, appellant told the appellee that he would pay him the same price for making this trip as he had paid on previous trips. The

appellee further testified that he was supposed to drive back from New Orleans. Upon reaching Gladewater it commenced to rain, and continued to do so after they had passed through Longview and to a point about six miles east of Longview where the accident occurred. Appellant was driving, according to the jury findings, at a speed not in excess of 45 miles per hour. At the point of the accident, appellant's truck had traveled over a slight incline and into a slick spot on the highway that was apparently caused by the rain. After the truck reached the slick spot it suddenly veered to the left and the vehicle ended up overturning in the dirt portion of the center of the four lane highway. Appellee received the injuries resulting from the overturning of the vehicle. While appellee was being treated for the injuries in a hospital in Longview, appellant visited him and gave him some money.

The jury convicted the appellant of the following acts of negligence: Failure to keep the truck under proper control under the existing circumstances; that he operated the truck at an excessive rate of speed under the circumstances, and that such acts of negligence were the proximate cause of the injuries received by the appellee.

The jury also found under the evidence that the appellee was accompanying the appellant on the trip to Louisiana for the purpose of helping him drive the truck, and that appellant had agreed to pay appellee for the trip, and that both instances constituted a motivating cause to the appellant for taking appellee on the trip.

Much has been written as to who is a "guest" and who is a "passenger". In 28 NACCA Law Journal 83 the following is stated in a "Comment" :

"Trial lawyers know that not even electronic computers can solve 'guest' cases; each one must stand on its own bottom, and many of them remain gambles with respect to the recurrent questions of who is a guest, what is gross negligence or wilful, wanton miscon-

duct, and when the guest status begins and ends * * *."

■ In view of the evidence in this case, and the jury's findings in response thereto, the court must find that the appellee was a "passenger" being transported by appellant for a tangible benefit that was a motivating influence accruing to the appellant, and that appellant was guilty of acts of negligence that would make him liable. Gregory v. Otts (Ct.Civ.App.), 329 S.W.2d 904, W.R., N.R.E.; Truitt v. Gaines, D.C., 199 F.Supp. 143; Woodland v. Smith, 56 Wash.2d 552, 354 P.2d 391; Bailey v. Pennington et al., 8 Cir., 274 F.2d 328; 26–27 NACCA Law Journal 58; 29 NACCA Law Journal 51; Kruzie et al. v. Sanders et al., Cal., 143 P.2d 704, (superseding) Cal.App., 135 P.2d 710; 16 Negligence and Compensation Cases Annotated, 317–379; Drizanich v. Criley, 19 Cal.2d 439, 122 P.2d 53; Burnett v. Howell, Tex.Civ.App., 294 S.W.2d 410, W.R., N.R.E. The points are overruled.

The other points have been carefully examined, found to be without any merit and they are overruled. The judgment of the trial court is affirmed.