**GENERAL MOTORS CORP., Appellant,**

v.

**Mary Ann DABNEY, Appellee.**

**No. 5334.**

Court of Civil Appeals of Texas, Waco.

May 23, 1974.

Rehearing Denied June 13, 1974.

Strasburger, Price, Kelton, Martin & Unis, Dallas, for appellant.

Dunnam, Dunnam & Dunnam, Waco, for appellee.

HALL, Justice.

Mrs. Dabney, the appellee, brought this suit in Limestone County against Mrs. Katie Harris and the appellant, General Motors Corporation, a foreign corporation, to recover personal injury damages suffered as the result of a one-car accident. Appellant's plea of privilege to be sued in Dallas County, the asserted county of its residence, was overruled. We affirm.

Mrs. Harris is a resident of Limestone County. While appellee was riding as a passenger in a Chevrolet automobile owned and being driven by Mrs. Harris, the steering on the car failed to properly function. The vehicle was caused thereby to leave the roadway and collide with a culvert. Appellee's back was broken in the collision.

Appellee's cause of action against appellant is based upon theories of negligence and breach of implied warranty arising out of the failure of the steering mechanism. The cause of action against Mrs. Harris is based upon her alleged negligent operation of the vehicle at an excessive rate of speed, and her alleged negligent failure to apply her brakes after discovering the steering defect.

In her controverting plea, appellee invoked the following provisions of Subdivisions 4 and 27, of Article 1995, Vernon's Ann.Civ.St., for maintaining venue in the county of suit:

"4. Defendants in different counties. —If two or more defendants reside in different counties, suit may be brought

in any county where one of the defendants resides . . ."

"27. Foreign corporations.—Foreign corporations . . . doing business within this State, may be sued in any county . . . where such company may have an agency or representative . . ."

There is no evidence to support venue in Limestone County under subdivision 27, and appellant's contentions to this effect are sustained.

Appellant asserts the evidence is legally and factually insufficient to support implied findings that Mrs. Harris was guilty of negligence which proximately caused the accident and injuries.

There is evidence of the following facts: Mrs. Harris was familiar with the operation of the Chevrolet automobile and "knew how to handle it." At the time of the accident appellee was sitting beside Mrs. Harris "on the passenger side." Soon after coming out of a curve, Mrs. Harris discovered that the steering wheel "just wouldn't turn." She tried to turn it, but it was "locked." She yelled to appellee "and said it wouldn't turn—said it wouldn't turn and couldn't." Appellee grabbed the steering wheel and tried to turn it, but it would not turn; "the wheels or nothing wouldn't turn." At that time, the speed of the vehicle was 40 to 50 miles per hour. Mrs. Harris did not attempt to brake the car after discovery of the defective steering, and the automobile was "still traveling at the full rate of speed" when it left the highway and struck the culvert. As a result of the collision, the car seat broke and appellee's back was broken in five places.

This evidence is legally sufficient to show that Mrs. Harris had time to brake

her car and avoid or at least soften the collision with the culvert, and to support the implied findings that her failure to do so was negligence and a proximate cause of the collision and injuries. A review of the entire record convinces us that these findings are not against the great weight and preponderance of the evidence.

Because the accident was not intentionally caused by Mrs. Harris and because there is no pleading or proof of gross negligence on her part, appellant asserts that, by reason of the guest statute,[1] appellee has failed to establish a cause of action against Mrs. Harris. Appellant argues that to remove this case from the provisions of the guest statute appellee was required to show that a definite tangible benefit to Mrs. Harris was *the* motivating influence for the transportation furnished appellee; and that the evidence is legally and factually inadequate in this regard.

In the recent case of Fernandez v. Kiesling, (Tex.Sup., 1973) 500 S.W.2d 459, the Court reviewed cases dealing with the question and concluded that the guest statute of our State does not require that a guest's payment for transportation must be the *only* reason for the operator's providing it, and that the statute is met if the payment is *a* motivating cause for furnishing the transportation.

Appellee and Mrs. Harris are sisters. Both live in Mexia, Texas. Mrs. Harris was 18 years of age and her son was three months old at the time of the collision. On the day of the accident Mrs. Harris went to appellee's house and asked appellee to accompany her on the trip to visit another sister in La Salle, Texas, so that appellee could care for the baby on the trip. They were on this trip and appellee was

1. Art. 6701b, Vernon's Ann.Civ.St. At the time of the accident the pertinent part of this statute provided: "No person transported over the public highways of this State by the owner or operator of a motor vehicle as his guest without payment for such transportation, shall have a cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator, or caused by his heedlessness or his reckless disregard of the rights of others."

holding the infant when the collision occurred. Appellee testified that her reason for going was to care for the baby.

We judicially know that Mexia is in Limestone County, and that La Salle is in Jackson County. Harper v. Killion, 162 Tex. 481, 348 S.W.2d 521, 523 (1961). The record reasonably supports the inference that without appellee to care for her baby, Mrs. Harris could not or would not have made the long journey by car from Mexia to La Salle. In exchange for looking after the infant, appellee would, of course, receive transportation to and from the other sister's home in the distant city. Is it reasonably inferable from the record that the benefit flowing to Mrs. Harris was a motivating influence for the furnishing of transportation to appellee? We hold that it is. See Freeman v. Ham, (Tex.Civ.App.—Austin, 1955, writ ref., n. r. e.) 283 S.W.2d 438; Cate v. Holcomb, (Tex.Civ.App.—Texarkana, 1963, writ ref., n. r. e.) 370 S.W.2d 422; Elkins v. Foster, (Tex.Civ.App.—Amarillo, 1937, writ dism.) 101 S.W.2d 294. Appellant's contentions to the contrary are overruled.

The judgment is affirmed.