GUARANTY BANK et al., Appellants,

v.

John THORNHILL, Individually and as Trustee, et al., Appellees.

No. 6213.

Court of Civil Appeals of Texas, Waco.

Feb. 28, 1980.

Rehearing Denied March 27, 1980.

Donald F. Hawbaker, Winstead, McGuire, Sechrest & Trimble, Dallas, for appellants.

Ronald L. Wilkinson, Robertson & Wilkinson, Inc., G. Scott Damuth, Phelps & Associates, Dallas, for appellees.

HALL, Justice.

Plaintiffs John Thornhill individually and as Trustee, Darrell V. Nay, L. W. Dollar, Charles M. McMinn and Nelson Jones, filed this suit in Ellis County against Don Mansell for the recovery of money damages allegedly stemming from fraudulent transactions involving certain notes and guaranty agreements. Mansell then filed a third party complaint against appellants Guaranty Bank and Claude B. Keeland, Jr., and against two others who are not parties to this appeal, for indemnity against any sum recovered against him by plaintiffs. Thereafter, plaintiffs amended their petition to include appellants Bank and Keeland along with Mansell as defendants. In their amended pleadings against appellants and Mansell, plaintiffs restated their claim for money damages and also sought cancellation of the notes and deeds.

Appellants filed pleas of privilege to have both plaintiffs' and Mansell's actions against them transferred to Dallas County, the county of appellants' residences. Appellants' plea of privilege in plaintiffs' case was overruled on January 18, 1980; the plea of privilege in Mansell's suit was overruled on January 21, 1980. Appellants consolidated both orders into the single appellate record before us for review.

On February 11, 1980, appellants placed the transcript with an air freight service in

Dallas County for transmittal to this court. The transcript was delivered to our clerk on February 12th. On February 13th, appellants placed their motion for extension of time to file the transcript with the air freight service for transmittal to this court. The motion was received by the clerk on February 14th. Plaintiffs and Mansell object to the filing of the transcript and contest appellants' motion for extension of time for filing the transcript. Plaintiffs assert that in relation to their case, neither instrument was timely filed; and Mansell contends that the motion does not show good cause for late filing of the transcript. We sustain those contentions.

■ Rule 385, Vernon's Tex. Rules Civ. Proc., contains the following pertinent provisions:

Appeals from interlocutory orders (when allowed by law) may be taken by . . . (b) Filing the record in the appellate court within twenty days after rendition of the order appealed from. Provided, that upon the filing of a motion in the appellate court within such twenty-day period, or within five days thereafter, showing good cause therefor, such court may grant a reasonable extension of time in which to file such record or any part thereof.

The time limits imposed by this rule are mandatory and jurisdictional. *State v. Gibson's Distributing Company*, (Tex.1968) 436 S.W.2d 122, 123; *Walker v. Cleere*, 141 Tex. 550, 174 S.W.2d 956, 958 (1943).

■ In the appeal from the order overruling appellants' plea of privilege in plaintiffs' action, the last day for filing the transcript was February 7, 1980, and the last day for filing the motion for extension of time for late filing of the transcript was February 12th. Appellants did not meet either time limit. Accordingly, the motion must be denied, and the appeal from that order must be dismissed for want of jurisdiction. *Tinney v. Tinney Produce Co.*, 324 S.W.2d 268, 270 (Tex.Civ.App.—Houston 1959, writ ref'd).

■ In the appeal from the order overruling appellants' plea of privilege in Mansell's action, the last day for filing the transcript was Monday, February 11th. The delivery of the transcript to this court on February 12th was therefore too late for filing. Although the motion for extension of time for filing the transcript in Mansell's case was timely filed on February 14th, we have determined that it does not show "good cause" for the late filing. The circumstances recited in the motion as justification for the extension of time may be summarized as follows:

Appellants' attorney filed a request for preparation of the transcript with the clerk of the trial court on January 25, 1980. On at least one occasion during the week of January 28th through February 1st, and on at least two occasions during the week of February 4th through February 8th, appellants' attorney attempted to contact the trial court clerk by telephone to determine whether he would be able to comply with the request by February 11th, the last day the transcript was due in this court. On each occasion appellants' attorney "was informed that the clerk was not present in his office at the time of the call, and that the clerk personally prepared the transcript in every cause from which an appeal was taken." Although requested to do so, the clerk never attempted to call appellants' attorney to advise him when the transcript would be prepared and ready for filing in the appeal. "Finally, shortly before noon on February 11th," appellants' attorney contacted the clerk personally by telephone and was advised that as of that hour the transcript was not prepared. The clerk was instructed to prepare the transcript "as quickly as possible" and appellants' attorney dispatched a messenger from his office in the City of Dallas to the clerk's office in the City of Waxahachie to pick up the transcript upon its preparation. Upon completion of the transcript, the messenger returned with it to the office of appellants' attorney "from which the transcript was dispatched to Waco via special delivery mes-

senger." The transcript was received by the clerk of the Court of Civil Appeals at approximately 9:00 o'clock a. m., February 12, 1980.

The transcript contains 89 pages. Appellants' motion does not state the hour that their messenger received the transcript from the trial court clerk, but the "consignee memo" of the air freight service which delivered the transcript to our court shows that appellants placed the transcript with the air freight service at 4:50 p. m. on February 11th. We judicially know that the cities of Dallas, Waxahachie, and Waco are county-seat cities. *Harper v. Killion*, 162 Tex. 481, 348 S.W.2d 521, 523 (1961). We also take judicial notice of the relative location of each of those cities to the others, that the distance between Dallas and Waxahachie is approximately 30 miles, and that the distance between Waco and Waxahachie is approximately 65 miles. *General Motors Corp. v. Dabney*, 510 S.W.2d 414, 416 (Tex.Civ.App.—Waco 1974, writ dism.).

Appellants' motion shows that the trial court clerk was not diligent in preparing the transcript. However, we agree with Mansell that appellants also were not diligent in the matter. The motion establishes that the transcript was in appellants' hands ready to be filed on the last day for filing, and that it could have been timely filed if their messenger who picked it up from the clerk had been instructed simply to make the relatively short journey from Waxahachie to Waco for the filing. Under those circumstances, the motion does not show good cause for the requested extension of time.

█ The provisions of Rule 21c permitting extensions of time based upon a "reasonable explanation" for the tardy filing do not apply in appeals from interlocutory orders. The special provisions of Rule 385 apply, and good cause must be shown. *Guaranty Bank of Dallas, Texas v. Thompson*, 595 S.W.2d 633 (Tex.Civ.App.—Waco 1980, no writ); *Transamerica Ins. Co. v. Price Const.*, 577 S.W.2d 578, 579 (Tex.Civ. App.—Eastland 1979, no writ); *Trial v. McCoy*, 535 S.W.2d 681, 682 (Tex.Civ.App.—

El Paso 1976, no writ). See also *State ex rel. Watkins v. Morgan*, 555 S.W.2d 217, 218 (Tex.Civ.App.—Waco 1977, writ ref'd n.r. e.).

Appellants' motion for extension of time to file the transcript is denied, and the appeals are dismissed for want of jurisdiction.