Shirley A. TURNER, et al., Appellants,

v.

**H.E. BUTT GROCERY COMPANY,**
Appellee.

No. 13886.

Court of Appeals of Texas,
Austin.

Feb. 16, 1983.

Stephen G. Nagle, Austin, for appellants.

Karen Parker, Stubbeman, McRae, Sealy, Laughlin & Browder, Austin, for appellee.

Before SHANNON, EARL W. SMITH and BRADY, JJ.

PER CURIAM.

Appellants, Shirley A. Turner and Bobby W. Turner, have filed a motion requesting this Court to consider an untimely filed transcript. Conversely, appellee, H.E. Butt Grocery Company, has filed a motion requesting this Court to dismiss the appeal or affirm the order of the district court due to the late filing of the transcript.

This is an appeal from an order granting appellee's plea of privilege. In such accelerated appeals, the transcript must be filed in the appellate court within thirty days after the order is signed. Tex. R.Civ.P.Ann. 385(d) (Supp.1982). The order granting appellee's plea of privilege was signed on October 25, 1982, and, therefore, the transcript was due to be filed in this Court on November 24, 1982. Appellants had fifteen days thereafter, or until December 9, 1982, to file a motion for extension of time. Tex.R.Civ.P.Ann. 21c (Supp.1982). No such motion was filed. The transcript was filed on December 21, 1982. The failure to timely file the transcript or a Rule 21c motion for extension of time to file the transcript precludes this Court from considering appellants' subsequently filed motion to consider the untimely filed transcript. *B.D. Click Co. v. Safari Drilling Corp.,* 638 S.W.2d 860 (Tex.1982); *Briscoe v. Gulf Supply Co., Inc.,* 612 S.W.2d 88, 90 (Tex.Civ.App.1981, writ ref'd n.r.e.).

Appellants contend Rule 21c is inapplicable to appeals from interlocutory orders, relying on *Guaranty Bank v. Thornhill,* 596 S.W.2d 264 (Tex.Civ.App.1980, writ dism'd). *Thornhill* was decided when Rule

385 contained its own five-day provision during which a motion for extension of time could be filed. In its amended form, Rule 385 contains no such provision. Furthermore, Rule 21c makes no distinction between appeals from interlocutory orders and appeals from final judgments. In our opinion, Rule 21c governs not only appeals from final judgments, but also appeals from interlocutory orders. Accordingly, the appeal is dismissed.