FRANZ BRASS V. TEXARKANA & FT. SMITH RAILWAY COMPANY.

No. 2843. Decided March 3, 1920.

(218 S. W., 1040.)

BY COMMISSION OF APPEALS.

**1.—Pleading—Verification.**

Under the statute requiring verification of pleadings (Act of March 3, 1913, Laws, 33d Leg., p. 256 sec. 3. Amendment of art. 1829, Rev. Stats.) plaintiff is not required to deny under oath facts already in issue by his verified petition, though defendant's verified answer alleges in detail facts traversing such allegations of his petition. (P. 284).

**2.—Same—Case Stated.**

Plaintiff by a verified petition alleged delivery of goods to defendant for transportation as a common carrier. Defendant's verified answer set forth particular facts showing that, though a bill of lading was issued by it acknowledging receipt of such goods, they were never in fact delivered to it. Plaintiff did not reply thereto by any sworn denial of the facts so pleaded. Held, that under the statute (Act of March 3, 1913, Laws, 33d Leg., p. 256, sec. 3) such sworn answer merely traversed and put in issue the plaintiff's allegation of delivery, and was not to be taken as confessed by his failure to deny specifically under oath the facts so alleged by defendant. (Pp. 283, 284).

**3.—Carriers—Delivery for Transportation—Loss by Fire—Evidence.**

Plaintiff in an action against a common carrier for loss of goods makes a *prima facie* case of defendant's liability by introduction of the bill of lading acknowledging their receipt for transportation and by proof of failure to deliver at destination. This entitles him to recover where the carrier offers no proof to sustain his defenses that they were never in fact delivered to him, or were destroyed by fire, an excepted liability, without his negligence. (P. 284).

**4.—Carriers—Foreign Commerce—Conflict of Laws.**

In the absence of legislation by Congress regulating the liability of common carriers from a State to a Foreign Country, the law of the forum will govern in determining liability. Such regulations by the Interstate Commerce Law (Hepburn Act, 24 Stats. at Large, 376-382, Carmack Amendment, 34 Stats. at Large. 584) apply only to shipments from one State to another. As to a shipment from Texas to a foreign country its courts will follow Texas decisions in preference to those of the Supreme Court of the United States. (Pp. 284, 285).

5.—Carrier—Lost Cotton—Proof of Damages.

Where no evidence was offered of the grade of cotton lost by a common carrier, nor of the number of pounds, a recovery of damages therefor was not sustained by the proof.  (P. 285).

### By Supreme Court.

6.—Judicial Knowledge—Grades of Cotton.

The court cannot shut its eyes to knowledge of facts notorious throughout its jurisdiction, as that cotton raised there in any one year is of various grades and its value materially depends on its grade.  Where the weight of cotton could be deduced from the proof and the value of cotton of a certain grade was shown, but the evidence was silent as to the grade of the cotton lost, the proof was insufficient to show the value.  (Pp. 285, 286).

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Hill County.

Brass sued the Railway Co. and recovered judgment.  On defendant's appeal this was reversed and rendered in his favor.  175 S. W., 778.  The Supreme Court add a brief opinion in approving that of the Commission of Appeals, to whom the case had been referred, and adopting the disposition of the case there recommended.  Both opinions are published.

*C. M. Smithdeal,* and *Morrow & Morrow,* for plaintiff in error.— The evidence showing that appellant made a written contract with appellee to safely carry his cotton to Port Arthur, and that appellant did not carry appellee's cotton Port Arthur, but permitted the same to be destroyed by fire at Athens, and failing to show that there was no negligence on appellant's part, it was not entitled to a peremptory instruction, and the court did not err in refusing the requested special charge.  Railway Co. v. Hall, 64 Texas, 618-619; Railway Co. v. China Mfg. Co., 14 S. W., 785; Ryan v. Railway Co , 65 Texas, 13.

Appellee having shown that his cotton was destroyed by fire while in the custody of appellant as a common carrier, and appellant having failed to show that its negligence did not cause the destruction of said cotton, the court properly told the jury that appellee was entitled to recover.  Ryan v. Railway Co., 65 Texas, 13; Railway Co. v. Payne, 38 S. W., 367;  Railway Co. v. Palmer, 30 S. W., 1109.

Appellee having shown the weight and value of the 26 bales of cotton in question, and that it was delivered to appellant to be carried to Port Arthur, and that appellant failed to carry it to Port Arthur, and failed to redeliver it to plaintiff, appellee was entitled to a judgment.  Railway Co. v. Blanton, 63 Texas, 111-112;  36 Cyc., 216.

*Glass, Estes, King & Burford,* for defendant in error.—The facts being undisputed that the defendant's only connection with the cotton was that it had issued a foreign bill of lading to the plaintiff containing the exemption clauses pleaded, and, too, for his accommodation when it did not have to issue any, and that whatever portion of said cotton which was destroyed and which was covered by the bills of lading, was destroyed by fire, and by causes beyond defendant's control, and did not occur on defendant's own road or its portion on the through route, but was destroyed by a fire caused by acts of another before it had reached the possession of the defendant, the defendant could not legally be held liable; and the court erred in refusing the requested instruction. H. E. & W. T. Ry. Co. v. Inman, 134 S. W., 275.

The verdict and judgment is unsupported by any evidence or any undenied allegations in the plaintiff's petition showing the number of pounds of cotton that was lost or destroyed.

The verdict and judgment is unsupported by evidence or any allegations in the plaintiff's petition showing the grade of the cotton that was lost or destroyed.

MR. JUSTICE STRONG delivered the opinion of the Commission of Appeals, Section A.

The plaintiff Brass brought this action against the Texarkana & Fort Smith Railway Company to recover the value of twenty-six bales of cotton, alleged to have been destroyed by fire while on the platform of a compress at Athens, Texas, where it had been placed for transportation to Bremen, Germany, and for which the defendant had, prior to the fire, issued an export or foreign bill of lading. The case was tried while the Verified Pleading Act, passed by the Thirty-third Legislature (Acts Regular Session, 256) was in force. The trial court instructed the jury to find for the plaintiff, submitting as the only issue of fact for their determination the value of the cotton. The Court of Civil Appeals reversed the judgment of the trial court, and rendered judgment in favor of defendant, holding that the verdict directed by the trial court was unauthorized, because, under the facts shown by the sworn and undenied pleadings and the evidence, the cotton was never actually or constructively delivered to defendant, and was not destroyed while in its possession. 175 S. W., 778.

Plaintiff in his petition, which was duly verified, alleged the delivery of the cotton to the defendant for transportation, and in support of the allegation introduced in evidence the bill of lading issued by defendant prior to the fire, acknowledging receipt of the cotton. The defendant answered under oath, admitting the issuance of the bill of lading, but denying that the cotton was in fact delivered to it as recited in the bill of lading. The answer set out

in detail the circumstances and conditions under which the bill of lading was issued; but no evidence was offered by defendant upon the issue of delivery in support of the allegations contained in the answer.

It is contended, however, that since plaintiff failed to file a reply to this portion of the answer, the facts stated therein should be taken as confessed under the Act above referred to. The provision of the Act pertinent to the question under discussion reads as follows:

"If any special matter of defense shall be pleaded by the defendant, the plaintiff shall be required to answer to each paragraph, either admitting or denying the same, or denying that he has any knowledge or information thereof sufficient to form a belief. And any fact so pleaded by the defense that is not denied by the plaintiff shall be taken as confessed."

We think it clear from the language used that this provision was intended to apply only to facts not already in issue by virtue of the allegations of plaintiff's petition. To allege in affirmative language the converse of what the plaintiff has already alleged, amounts merely to a denial of the plaintiff's allegations, and does not constitute *special matter of defense*, in contemplation of the provision of the Act above quoted. The answer of defendant merely joined issue on the question of delivery, placing the burden of proof on plaintiff to show that the cotton was in fact delivered to the defendant prior to the fire. The plaintiff made a *prima facie* case of delivery by introducing in evidence the bill of lading issued by defendant acknowledging receipt of the cotton; and in the absence of any testimony on the part of defendant, the trial court properly instructed the jury to find for plaintiff upon this issue.

The bill of lading issued by defendant contained a provision that the carrier should not be liable for the destruction of the cotton by fire, and the contention is made that the burden was on plaintiff to show that the loss occurred through the negligence of defendant. Whatever may be the rule in other jurisdictions, it is well settled in this State, that it is sufficient for the plaintiff, in a case of this character, to prove that the goods were delivered to the carrier and that they have not been received at their point of destination. This makes a *prima facie* case of negligence, which the carrier must rebut, or the plaintiff will recover. Ryan & Co. v. Missouri, K. & T. Ry. Co., 65 Texas, 13, 57 Am., 589; Missouri Pac. Ry. Co. v. China Mfg. Co., 79 Texas, 28, 14 S. W., 785; Texas & P. Ry. Co. v. Richmond & Tiffany, 94 Texas, 576, 63 S. W., 619.

We cannot agree with the contention of counsel that because plaintiff's cause of action is based on a contract covering a foreign shipment, it is incumbent on the State courts to follow the holding of the Supreme Court of the United States, which is in conflict

with that of the Supreme Court of Texas on this question. The interstate commerce law, known as the Hepburn Act, 24 Stat. at L., 376-382 Chapter 104, as amended by what is known as the Carmack Amendment of June 29, 1906, 34 Stat. at L., 584, Chapter 3591, was in force at the time of the shipment herein. The original Act contained no provision regulating or affecting the liability of the carrier for loss or damage to property delivered to it for interstate or foreign shipment. The Carmack Amendment, which deals with such liability, applies only when the shipment is from "a point in one State to a point in another State," and is without application to foreign shipments. The constitutional power of Congress to regulate contracts between the shipper and the carrier of a foreign shipment, by defining the liability of the carrier for loss, delay, or damage to the property covered by such contract, cannot be doubted; but in the absence of legislation by Congress upon the subject, the law of the forum will govern in determining the liability of the carrier under such contracts. Adams Express Co. v. Croninger, 226 U. S., 491, 57 L. Ed., 314, 44 L. R. A. (N. S,), 257, 33 Sup. Ct., 148; Pennsylvania Ry. Co. v. Hughes, 191 U. S., 477, 48 L. Ed., 268, 24 Sup. Ct., 132.

We think the contention of defendant in error that the verdict of the jury is not supported by the evidence should be sustained. The burden was on plaintiff, under the pleading, to show the amount of his damage. No evidence was offered as to the grade of the cotton or the number of pounds destroyed. In the absence of such testimony, the jury could not correctly determine the amount plaintiff was entitled to recover. There being no evidence to sustain the finding of the jury on this issue, the judgment of the trial court must be reversed.

We are of opinion, for the reasons stated, that the judgment of the Court of Civil Appeals and that of the trial court should be reversed, and the cause remanded for another trial.

The holding of the Commission of Appeals on the questions discussed in its opinion is approved. The plaintiff's failure to prove his damages requires a reversal of the trial court's judgment. There was evidence from which the weight of the bales of cotton could be deduced, and of the value per pound at Athens of cotton of a certain grade, but there was no proof that this cotton was of that grade, and none at all as to its grade. We cannot assume that all cotton raised in North and East Texas in the year of this shipment was of the grade of basis middling—the grade to which the evidence of value here related, when it is universally known that cotton marketed in Texas in any year differs in grade and its value materially depends upon its grade. Such must be assumed

for this verdict to be sustained. A court cannot blind its eyes to the knowledge of a fact which is notorious throughout its jurisdiction.

The judgments of the Court of Civil Appeals and District Court are reversed and the cause is remanded to the District Court for further trial.

*Reversed  and  remanded.*