**Mike WILSON, Appellant,**

v.

**Gloria Tiffany WILLIAMSON, Appellee.**

**No. 17448.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

July 12, 1979.

Rehearing Denied Aug. 16, 1979.

Bousquet & Associates, Thomas G. Bousquet, Houston, for appellant.

Robert A. Hatcher, Houston, for appellee.

DOYLE, Justice.

From a judgment awarding Gloria Tiffany Williamson (appellee) $1500 in damages against Mike Wilson (appellant), this appeal has been perfected. We reverse and remand.

Appellee orally contracted with appellant to have her furniture moved, temporarily stored and later transported to her new home. Appellee's furniture was picked up and placed in storage by Transplan. Checks for this service were made out to Transplan and given to appellant, whom appellee later learned was president of Transplan, Inc.

During the course of the moving and storage, certain items were damaged and others were alleged to be missing. Appellee filed the required claim forms with appellant listing damages in the amount of $2683.95 which appellant refused to pay. Appellee filed a verified petition alleging appellant's negligence and attached to the petition copies of the claim forms showing the cost of repairs and replacements. Trial was to the court, which found for appellee. The record before this court includes the transcript, statement of facts, and findings of fact and conclusions of law.

Although appellant has filed seven points of error, only a consideration of points no. 5 and 7 is necessary for our opinion. By

these two points of error appellant contends that the trial court erred in considering exhibit "A" attached to plaintiff's original petition as evidence when the same was not introduced into evidence and that the trial court also erred in rendering judgment for plaintiff for the sum of $1,500.00 for the reason that the plaintiff wholly failed to adduce any evidence of any monetary amount of damages upon which the court could render a verdict. The trial court's findings of fact and conclusions of law germane to these points of error are here set forth:

### IV.

FACTS: Damage to the stored goods were proved by the testimony of Plaintiff and Plaintiff testified as to the value of the goods.

CONCLUSIONS: The measure of damages for the loss of the goods is the reasonable value to the owner, and the owner may so testify to their value and the loss to her in money.

■ After a careful examination of facts adduced at the trial of this cause, we can find no legal proof of any monetary amount of damages. The record abounds in testimony as to how appellee estimated—or to use her words, "Just by guesstimating"— the amount necessary to repair and replace certain items of furniture listed on the claim forms and attached to her petition. Although appellee made frequent reference to the said claim forms constituting Exhibit "A", which did have monetary amounts opposite listed items alleged to be damaged and missing, these forms were never introduced into evidence. On three occasions during the trial, appellant timely objected to testimony from this exhibit without its introduction, all of which objections were sustained by the court. The burden rested with appellee to prove not only that her goods had been damaged and lost, but the monetary amount of such damage and loss. *Brass v. Texarkana & Ft. Smith Ry. Co.*, 110 Tex. 281, 218 S.W. 1040 (1920, holding approved). In the case before us appellee produced no evidence upon which an infer-

ence of the amount of damages could be based. The above conclusion by the trial court correctly states the law as to the measure of damages and how appellee may prove them. *Crisp v. Security National Insurance Company*, 369 S.W.2d 326 (Tex. 1963); *Wright v. Gernandt*, 559 S.W.2d 864 (Tex.Civ.App.—Corpus Christi 1977, no writ); *American Transfer & Storage Co. v. Reichley*, 560 S.W.2d 196 (Tex.Civ.App.—Amarillo 1977, ref. n. r. e.).

■ Under the provisions of Rule 59, T.R.C.P., appellee was permitted to attach the said exhibit to her pleadings and make reference to it during the trial. However, as pointed out by the court in *Mayberry v. First National Bank of Littlefield*, 351 S.W.2d 96 (Tex.Civ.App.—Amarillo 1961, no writ), where a mortgage was attached to the petition, referred to during the trial, but not offered in evidence: "It was incumbent upon appellant to offer the alleged mortgage in evidence in order for it to be considered by the trial court."

■ As they relate to the value of goods, the above finding of fact is erroneous. Exhibit "A" should not have been considered as evidence by the trial court, absent its admission in evidence. The record before us is void of any other testimony tending to prove the monetary value of the items damaged and lost. Both of these points of error are sustained.

■ Appellant has requested that this court render judgment for him upon reversal. Having sustained appellant's contention that there was no evidence of appellee's damages, we are authorized to remand rather than render. Exhibit "A" contained ample evidence upon which the trial court could have based a proper judgment. We think the appellee was erroneously prevented from laying a predicate for the introduction of the exhibit. Under the record before us, we are convinced that the evidence, especially as to the monetary damages, was not fully developed and that a retrial will best serve the interests of justice. Rule 434, T.R.C.P.; *Marr v. Craddock*, 406 S.W.2d 278 (Tex.Civ.App.—Tyler 1966, no writ).

The judgment of the trial court is reversed and the cause is remanded to the trial court.

COLEMAN, C. J., and PEDEN, J., also sitting.