Affirmed in Part and Reversed and Remanded in Part and Memorandum
Opinion filed February 27, 2007








 

Affirmed
in Part and Reversed and Remanded in Part and Memorandum Opinion filed February 27, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01185-CV

NO. 14-05-01186-CV

____________

 

OBINNA DURUJI, Appellant

 

V.

 

ESTHER OBY DURUJI, Appellee

 



 

On Appeal from the 309th
District Court

Harris County, Texas

Trial Court Cause Nos. 05-44163
& 04-18225 

 



 

M E M O R A N D U M   O P I N I O N








In this consolidated appeal from a divorce and a petition
to enforce a foreign judgment, Obinna Duruji asks us to consider whether the
trial court erred in refusing to recognize Obinna=s Nigerian divorce
decree, which he purportedly obtained while Esther Duruji=s Texas divorce
action was pending, and which Obinna claims precludes relitigation of the
divorce.  Obinna also challenges the sufficiency of the evidence supporting the
trial court=s rulings, the trial court=s exclusion of
certain evidence concerning the property division, child support, and attorney=s fees, the trial
court=s denial of Obinna=s motion for new
trial and motion for contempt and sanctions, and the trial court=s failure to enter
findings of fact.  For the reasons explained below, we affirm in part, and
reverse and remand in part.

Factual and Procedural Background

Obinna Duruji and Esther Oby Duruji[1]
were first married in Nigeria in January of 1988.  Together, the couple had
four children.  For reasons not material to this appeal, Obinna and Esther
married again in Texas on January 10, 1997.  Although it is unclear from the
record, the parties apparently lived at different times in Nigeria and in Texas
during the marriage.  In 2001, Obinna, a licensed lawyer in Texas and
Washington, D.C., accepted a political appointment in Nigeria as Commissioner
for Education in Imo State.[2] 
Esther left Nigeria and returned to the United States to work, while Obinna and
the children remained in Nigeria.  When the appointment ended, Obinna became
unemployed.  In April of 2004, the couple=s children came to
the United States to stay with Esther, who was living in Texas and working as a
nurse.

On April 12, 2004, Esther filed for divorce in Harris
County.  One month later, on May 11, 2004, Obinna filed for divorce in Nigeria. 
In the Harris County action, an ad litem was appointed to file an answer for
Obinna because Esther claimed she did not know his whereabouts in Nigeria.  A
year later, in April 2005, Obinna filed an answer which included, in addition
to a general denial, a plea in abatement, special exceptions, a motion to
dismiss, and the affirmative defense of res judicata based on his Nigerian
divorce action.  Obinna also counter-petitioned  for divorce, a division of
community property consisting of two vehicles, and attorney=s fees.








On July 11, 2005, the day of the divorce hearing,[3]
Obinna filed an amended answer, asserting the same claims as presented in his
original answer, and seeking joint managing conservatorship of the children. 
Obinna also claimed the child support guidelines did not apply to fix the
amount of child support because he had been unemployed since May 2003, and he
had just begun sharing an office with a law firm and setting up a law
practice.  That same day, under a separate cause number, Obinna also filed a APetition to
Enforce Foreign Judgment,@ seeking recognition and enforcement of
his Nigerian divorce decree under the Uniform Enforcement of Foreign Judgments
Act.  See Tex. Civ. Prac. &
Rem. Code '' 35.001B35.008. 

At the divorce hearing, Esther testified that she and
Obinna had four children, that she and her husband separated in March 2002, and
that the children came to live with her in April of 2004.  She stated that she
came to the United States to make money to send home to Nigeria.  Esther also
testified that she worked as a registered nurse and made about $80,000 per
year, and that she had filed a financial information statement that was true
and correct.[4]


Concerning Obinna=s income, Esther
testified that Obinna was a lawyer licensed in Texas and Washington, D.C., and
that the temporary support of $1,465.20 was based on her actual knowledge of
his income.  Esther also testified that Obinna had taken a political
appointment in Nigeria and was paid by the government, but she did not state
how much he was paid.  Esther testified that the only car she had was a Toyota
Land Cruiser that she needed for work and to take her children to school. 
Although she once owned another car, a Toyota Camry, Esther testified that it
caught on fire and she had it towed to a dealership, where she left it
approximately two years earlier.  








On cross-examination, Obinna, representing himself,
questioned Esther about her claim that she sent money to Nigeria for the
children, her knowledge of his whereabouts when she filed the divorce action,
and the loss of the Camry.  Obinna also elicited testimony from Esther that she
was not aware of any income he earned either in the United States or Nigeria
since 2002, and that her testimony about his income was based on what he had
made before going to Nigeria.  Esther also admitted she had no income tax
returns showing him making $60,000 per year, but she stated the reason she did
not have the returns was that Obinna took them. 

Obinna, testifying on his own behalf, stated that he filed
a divorce petition in Nigeria on May 11, 2004, and after six months, he was
granted a divorce.  Obinna further stated that he had that day filed a petition
to enforce the prior divorce judgment and a copy of it was Aon file.@  He also
testified that he was appointed Commissioner for Education in Nigeria from
October 2001 until May 2003, and that he made less than $2,000 per month. 
Obinna testified that, after his appointment expired, he did not get another
appointment and he was unemployed.  Obinna further stated that since 2002, he
had not filed a tax return in the United States because he had not made any
money and had no income.  He did not submit a financial information statement. 
Concerning the children, Obinna testified that he took care of them, and he
denied that Esther sent him any money for them. 








Obinna had several documents admitted into evidence,
including copies of e-mail correspondence he sent to Esther and documents
reflecting that he was recently reinstated to practice law in Washington, D.C.
and Texas.  The trial court sustained objections to other evidence Obinna
attempted to have admitted through Esther, but Obinna did not make a bill of
exceptions or an offer of proof to include those documents in the record for
purposes of appeal.[5] 
Obinna also did not attempt to have any documentation for the alleged divorce
obtained in Nigeria or proof of service of the divorce action on Esther
admitted into evidence. 

At the close of the hearing, the trial court granted the
divorce, appointed the parties joint managing conservators, awarded Esther
child support of $1,500 per month, provided for health insurance for the
children, and awarded each party Athe property in
their respective possessions.@  After additional testimony concerning
Esther=s attorney=s fees, the trial
court awarded Esther attorney=s fees of $1,000 as child support.  The
Final Divorce Decree was signed August 2, 2005.

Obinna moved for a new trial, and in October 2005, the
associate judge held a hearing on the motion for new trial and Obinna=s petition to
enforce the foreign judgment and a motion for contempt and sanctions.[6] 
Obinna participated by conference call.  Obinna argued that his Nigerian
divorce was entitled to full faith and credit under the United States
Constitution, and he also claimed that res judicata precluded re-litigation of
the dissolution of the parties= marriage.  In response, Esther testified
that she filed her divorce petition before Obinna filed his petition in
Nigeria, that she gave a copy of it to him in Houston, Texas, and that
thereafter he left for Nigeria.  She also testified she was never served with
and never received a copy of the Nigerian divorce papers.  She further
testified she did not learn of the Nigerian divorce until Obinna attached a
copy of the decree to his answer.  Obinna denied knowing that Esther had filed
for divorce, and contended the Nigerian decree reflected that she was served. 
He also accused Esther of giving false testimony and affidavits, and he
objected to the amount of child support previously awarded.








Based on the associate judge=s report, in
November 2005, the trial court signed an order denying the motion for new
trial.  The trial court also denied Obinna=s motion for
contempt and sanctions.  That same month, Obinna requested findings of fact and
conclusions of law in response to the associate judge=s denial of his
petition to enforce the foreign judgment.  No findings or conclusions were
filed.  Obinna filed a notice of appeal in each case, and the two cases were
consolidated in this Court.

Analysis

On appeal, Obinna contends the trial court erred in the
following ways: (1) admitting and basing the child support order on Esther=s financial
information statement or her allegedly perjured testimony; (2) failing to give
full faith and credit to Obinna=s foreign decree or his plea of res
judicata; (3) awarding the Land Cruiser to Esther without an order on the
Camry; (4) ordering Obinna to pay $1,500 per month for child support; (5) ordering
Obinna to pay $1,500 per month for child support without suspension of support
during his period of possession; (6) failing to make findings when the child
support order was outside the Family Code guidelines; (7) failing to give
Obinna credit for the period he had sole custody and maintenance of the
children; (8) ordering Obinna to pay a portion of Esther=s attorney=s fees as child
support; (9) excluding admissible evidence of Obinna=s student loan;
(10) excluding Obinna=s employment letter showing the terms and
conditions of his employment as Commissioner for Education; and (11) failing to
hold Esther in contempt and sanction her for claimed false affidavit and lies
under oath.[7] 
We address these issues below.[8]

I.        Full
Faith and Credit and Res Judicata








We start with Obinna=s Nigerian divorce
decree.  In his second issue, Obinna contends the trial court erred in failing
to give full faith and credit to the decree, and that the trial court failed to
rule on his plea of res judicata.  

A.      The
Nigerian Divorce Decree

Obinna contends that, under the Full Faith and Credit
Clause of the United States Constitution and Chapter 35 of the Texas Civil
Practice and Remedies Code, his Nigerian divorce decree is entitled to full faith
and credit in a Texas court.[9] 
See U.S. Const. art IV, ' 1; Tex. Civ. Prac. & Rem. Code '' 35.001B35.008 (the AUniform
Enforcement of Foreign Judgments Act@).  However,
states are not required to give full faith and credit to foreign country
judgments.  Reading & Bates Constr. Co. v. Baker Energy Res. Corp.,
976 S.W.2d 702, 714B15 (Tex. App.CHouston [1st Dist.] 1998, pet.
denied).  Once grounds for nonrecognition have been timely asserted, the
foreign country judgment will not be recognized or enforced until those
objections have been expressly overruled by the trial court.  Id. at
715.[10]

Obinna contends that he has satisfied the following factors
in determining whether to give a foreign judgment full faith and credit:  (1)
jurisdiction over the subject matter; (2) jurisdiction over the person or res;
and (3) the foreign court=s power to render the particular relief
awarded.  See Johnson v. Johnson, 37 S.W.3d 523, 527 (Tex. App.CEl Paso 2001, no pet.).  He further
asserts that A[n]othing before the Houston trial court and nothing
before this Court casts doubt or aspersion upon the Nigerian trial court=s exercise of
jurisdiction.@ 








However, when Obinna filed his action in Nigeria, it is
undisputed that Esther was a resident of Texas.  Esther also testified in the
trial court that she was never served with any pleadings in the divorce action,
and she did not learn about the alleged Nigerian decree until Obinna filed it
with his answer in the Texas divorce action.  Although Obinna contends the
Nigerian decree attached to his answer reflects that Esther received service,
he did not have the document admitted into evidence at either the divorce
hearing or the hearing on the motion for new trial in which the petition to
enforce the foreign decree was heard.[11] 
Documents attached to pleadings are not evidence unless they are introduced at
trial.  See Ceramic Tile Int=l, Inc. v. Balusek, 137 S.W.3d 722,
725 (Tex. App.CSan Antonio 2004, no pet.); see
also Nat=l Med. Fin. Servs., Inc. v. Irving
Indep. Sch. Dist., 150 S.W.3d 901, 905 (Tex. App.CDallas 2004, no pet.)
(stating that, for exhibits to be considered at trial, they must be properly
admitted as evidence, even if already attached to pleadings); Wilson v.
Williamson, 586 S.W.2d 148, 150 (Tex. Civ. App.CHouston [1st Dist.] 1979, no writ)
(holding that although party was permitted to attach exhibit to pleadings and
make reference to it during trial, it was incumbent upon him to offer the
exhibit in evidence for it to be considered by the court).  Simply attaching a
document to a pleading  does not make the document admissible as evidence,
dispense with proper foundational evidentiary requirements, or relieve a
litigant of complying with other admissibility requirements.  Balusek,
137 S.W.3d at 725. 








Consequently, the Nigerian divorce decree was not before
the trial court for consideration.  The only evidence the trial court had
before it was Esther=s testimony that she was a Texas resident
at the time she filed for divorce and that she was never served in the Nigerian
action, and Obinna=s contrary testimony that Esther was
served in the Nigerian action and a divorce was obtained there.  However, the
trial court, as the fact finder, is the sole judge of the credibility of the
witnesses and the weight to be given their testimony.  Vickery v. Comm=n for Lawyer
Discipline, 5 S.W.3d 241, 255 n.5 (Tex. App.CHouston [14th
Dist.] 1999, pet. denied).  It may accept or reject any part or all of a
witness=s testimony,
believe one witness and disbelieve another, and resolve inconsistencies in any
witness=s testimony.  Id. 


Although Obinna asserts Esther knew he had filed the
Nigerian action because he sent her e-mails and copies of the documents, these
do not prove proper service.[12] 
See Caldwell v. Barnes, 154 S.W.3d 93, 97 n.1 (Tex. 2002) (AA party who
becomes aware of the proceedings without proper service of process has no duty
to participate in them.@). Moreover, nothing in the exhibits
admitted into evidence demonstrates proper service on Esther.  Therefore, on
this record, Obinna has not met one of the factors used in determining whether
to give full faith and credit.  We hold the trial court did not err in refusing
to enforce the Nigerian decree.

B.      Res
Judicata








Res judicata precludes relitigation of claims that have
been finally adjudicated, or that arise out of the same subject matter and that
could have been litigated in the prior action.  Amstadt v. U.S. Brass Corp.,
919 S.W.2d 644, 652 (Tex. 1996).  It requires proof of the following elements:
(1) a prior final judgment on the merits by a court of competent jurisdiction;
(2) identity of parties or those in privity with them; and (3) a second action
based on the same claims as were raised or could have been raised in the first
action.  Id.

Obinna asserts, in a conclusory fashion, that Athere was no valid
reason to subject [him] to two different divorce proceedings on the same marriage@ after it had been
terminated in Nigeria.  He does not specifically address the elements of res
judicata or direct this Court to any evidence in the record to support his
claim.[13]
 However, as discussed above, Obinna failed to introduce the Nigerian
decree into evidence during the divorce hearing or thereafter.  Obinna contends
he filed a memorandum of law on res judicata and, in the divorce hearing, he
directed the trial court to his amended petition which included a plea of res
judicata.  However, no memorandum of law was included in the clerk=s record, and in
any event, as we discussed above, merely referring to attachments to a pleading
is not sufficient to place the documents in evidence or to prove their
admissibility or authenticity.  See City of Houston v. Houston
Chronicle Pub. Co., 673 S.W.2d 316, 321 (Tex. App.CHouston [1st Dist.] 1984, no writ) (holding that defense of
res judicata was not available to party that failed to introduce the pleadings
and judgment in earlier case).[14]
Therefore, we hold the trial court did not err in disregarding Obinna=s claim of res
judicata.

II.       The
Property Award








In his third issue, Obinna contends the trial court abused
its discretion when it awarded the Land Cruiser to Esther without a
corresponding order on the Camry or an allegedly outstanding community debt of
$8,277.00 owing on the Camry.  Obinna contends Esther lied when she testified
that the car was burned and that she had made payments it. 

According to Obinna, after the trial he discovered that the
Camry was not burned, but that Esther took it to the dealership for body and
paint work; he claims the Camry was eventually sold to satisfy a mechanic=s lien.  Obinna
points to documents attached to his motion for new trial to support these
statements.  However, he does not contend that the trial court erred in denying
his motion for new trial, and he provides no explanation for his failure to
timely discover the alleged evidence or to present it to the trial court at the
divorce hearing.  See Jackson v. Van Winkle, 660 S.W.2d 807, 809
(Tex. 1983), overruled on other grounds by Moritz v. Preiss, 121 S.W.3d
715 (Tex. 2003) (AIt is incumbent upon a party who seeks a
new trial on the ground of newly discovered evidence to satisfy the court
first, that the evidence has come to his knowledge since the trial; second,
that it was not owing to the want of due diligence that it did not come sooner;
third, that it is not cumulative; fourth, that it is so material that it would
probably produce a different result if a new trial were granted.@).  Instead,
Obinna uses these new documents, not to attack the ruling on his motion for new
trial, but to attack the underlying judgment. 

As noted above, Obinna chose to participate in the hearing
on the motion for new trial by telephone, and he did not introduce any exhibits
into evidence.  As a result, the documents he relies on in this appeal were not
submitted as evidence for the trial court to consider in connection with the
motion for new trial.  Further, during the hearingCwhen Obinna was
aware of the purportedly new evidenceChe offered no
testimony concerning the Camry or any debt owed on it.  Therefore, the evidence
Obinna now relies on, the trial court did not have.








In a divorce decree, the trial court Ashall order a division
of the estate of the parties in a manner that the court deems just and right,
having due regard for the rights of each party and any children of the
marriage.@  Tex. Fam.
Code ' 7.001.  To disturb a trial court=s division of
property, Obinna must show the trial court clearly abused its discretion by a
division or an order that is manifestly unjust and unfair.  See Evans v.
Evans, 14 S.W.3d 343, 345B46 (Tex. App.CHouston [14th
Dist.] 2000, no pet.).  Under this abuse of discretion standard, the legal and
factual sufficiency of the evidence are not independent grounds of error, but
are merely relevant factors in assessing whether the trial court abused its
discretion.  Zieba v. Martin, 928 S.W.2d 782, 786 (Tex. App.CHouston [14th
Dist.] 1996, no writ).  The trial court does not abuse its discretion when it
bases its decision on conflicting evidence or when some evidence of a probative
and substantive character exists to support the division.  Id. at
787.    

Here, the trial court had before it Esther=s testimony at the
divorce hearing that the car caught on fire, was towed to a dealership, and she
left it there.  Obinna cross-examined her on the issue, but he did not offer
any contradicting evidence of the car=s disposition or
of any community debt owed on the car.  It was within the trial court's
discretion to believe Esther=s testimony to the extent it conflicted
with Obinna=s.  Moreover, at the hearing on the motion for new
trial, Obinna offered no additional testimony or evidence concerning the Camry
or any alleged community debt owed on it.   

On this record, we cannot say the trial court abused its
discretion in making the property award.  We therefore overrule Obinna=s third issue.

III.      The
Motion for Contempt and Sanctions








In his eleventh issue, Obinna contends the trial court
erred or abused its discretion when it failed to hold Esther in contempt and
sanction her for her allegedly false affidavit in which she averred that she
did not know Obinna=s whereabouts, and for several other
allegedly false statements made in her petitions, financial information
statement, and under oath.  We review a ruling on a motion for sanctions under
an abuse of discretion standard.  Cire v. Cummings, 134 S.W.3d 835, 838
(Tex .2004).  This court does not have jurisdiction to review the denial of a
contempt motion by direct appeal.  See Norman v. Norman, 692 S.W.2d 655,
655 (Tex. 1985) (per curiam).  

Obinna contends the trial court was Aduty bound@ to hold Esther
and her attorney in contempt and sanction them for at least eleven alleged
false statements.  However, Obinna fails to cite to any evidence in the record
to support his assertions that the alleged false statements were in fact false
or otherwise sanctionable.  To the extent Obinna may be referring to documents
appended to his brief that are not in the record, we do not consider those
documents.  See
Cherqui v. Westheimer Street Festival Corp., 116 S.W.3d 337, 342 n.2 (Tex. App.CHouston [14th Dist.] 2003, no pet.); Nguyen
v. Intertex, Inc., 93 S.W.3d 288, 292B93 (Tex. App.CHouston [14th Dist.] 2002, no pet.). 


Obinna
has not demonstrated that the trial court abused its discretion in denying the
requested sanctions.  We therefore overrule Obinna=s eleventh issue. 

IV.      The Child
Support Award

In his fourth issue, Obinna contends the trial court Aerred or abused
its discretion@ in awarding child support of $1,500 per month.  We
review a trial court=s order setting child support under the
same abuse of discretion standard as applied to the trial court=s property
division.  See Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990); Evans,
14 S.W.3d at 345B46.








At the divorce hearing, Esther apparently claimed in her
financial information statement (which was not admitted into evidence at the
divorce hearing) that Obinna made $6,000 per month, but she admitted
that this figure was based on Obinna=s income before he
left for Nigeria, and she had no documentation to support it.  Esther also
admitted she had no evidence of Obinna=s income earned either
in the United States or Nigeria since 2002.  Obinna testified that he served as
Commissioner for Education in Nigeria from October 2001 until May 2003, and
that he made less than $2,000 per month during that period.  He also testified
that he was unemployed since that time, and that he had no income.  Although
Obinna also testified he had Agotten a space with a law firm in
Washington, D.C.,@ he stated that he needed time to generate
business and make money, and he was not cross-examined on any income he may
have had at the time.  Thus, at the time of the divorce hearing in July 2005,
Esther had no evidence of any income earned by Obinna for approximately three
years, and the only other evidence of Obinna=s income was
Obinna=s testimony that
he made less than $2,000 per year until May 2003, when he became unemployed,
and he had no current income.  

Generally, to determine an obligor=s child support
liability under the Family Code guidelines, the trial court calculates the
obligor=s net resources.  See
Tex. Fam. Code ' 154.062 (setting
out elements that constitute net resources).  In the absence of evidence of net
resources, the trial court presumes that the obligor earns the federal minimum
wage for a forty-hour week.  Id. ' 154.068. 
Applying this presumption, the trial court=s award is
considerably more than 35% of Obinna=s net resources.  See
id. ' 154.125 (when
obligor=s net resources
are $6,000 or less, child support guideline for four children is 35% of obligor=s net resources).[15] 
Further, because the trial court did not make findings of fact, we cannot
discern any basis for its award of $1,500 per month.








Esther contends that the trial court=s award was based
on Obinna=s appointment letter as Education Commissioner in
Nigeria, which listed his salary and other benefits.  This letter was not
admitted into evidence, but was attached to Obinna=s first amended
answer.  The letter purports to show Obinna=s annual salary in
Nigerian currency, the Naira.  According to Esther, the trial court used
currency conversion to determine that Obinna was making $4,083 per month, and
calculated the child support by applying the guidelines to that amount.  Esther
concedes that this calculation results in a slightly lesser amount than $1,500,
and suggests that we reform the judgment to reflect child support of
$1,429.05.  However, we find absolutely no evidence in the record to support
the claim that the trial court in fact made such a calculation.  We hold that
there is no evidence in the record to support the trial court=s award of child
support of $1,500 per month, and therefore the trial court abused its
discretion in awarding this amount.  

We therefore sustain Obinna=s fourth issue,
and reverse and remand for a new trial on the issue of child support.  Because
we sustain this issue, it is unnecessary for us to address Obinna=s related first,
fifth, sixth, seventh, and tenth issues.[16]

V.      The Award
of Attorney=s Fees as Child Support 

In his eighth issue, Obinna contends the trial court erred
when it ordered him to pay a portion of Esther=s attorney=s fees as child
support.  We review an award of attorney=s fees in the
nature of child support for abuse of discretion.  See London v. London,
94 S.W.3d 139, 146 (Tex. App.CHouston [14th Dist.] 2002, no pet.).

The divorce decree reflects that an attorney=s fee of $1,000
was awarded Aas child support@ to Esther=s trial attorney. 
The record does not reflect that the award was incurred in a child support
enforcement proceeding or some other proceeding in which attorney=s fees as child
support may be awarded.  See Roosth v. Daggett, 869 S.W.2d 634, 637 (Tex. App.CHouston [14th Dist.] 1994, no writ)
(holding that attorney=s fees incurred in divorce proceeding
creating child support obligation and specifically designated as costs were a
debt and were not enforceable through contempt as child support).  At oral
argument, Esther=s attorney conceded the award was
defective as written, but suggested we merely reform the judgment to strike the
erroneous language.  However, because we are reversing and remanding for a new
trial on child support, we consider the better solution to be for the trial
court to correct any errors in the attorney=s fee award at
that time.   








We therefore sustain Obinna=s eighth issue.

Conclusion

We reverse those portions of the Final Decree of Divorce
awarding child support and attorney=s fees only; and
remand for proceedings consistent with this opinion.  We affirm the remainder
of the Final Decree of Divorce.  We also affirm the denial of Obinna Duruji=s petition to
enforce a foreign judgment.

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

Judgment rendered
and Memorandum Opinion filed February 27, 2007.

Panel consists of
Justices Fowler, Edelman, and Frost.

 









[1]  Esther=s
petition for divorce identifies her as ADuruji
Esther Oby.@  However, at the divorce hearing, Esther testified
that her name was Esther Oby Duruji.  Therefore, we refer to her as Esther Oby
Duruji.





[2]  Obinna testified that he served in this capacity
from October 2001 until May 2003.





[3]  An associate judge presided at the divorce hearing. 





[4]  The financial information statement Esther is
apparently referring to was not admitted into evidence at the divorce hearing
and it was not included in the clerk=s
record.





[5]  At one point during the hearing, Obinna asked the trial court to direct
its attention to his first amended petition and claim of res judicata, but he
did not ask the court take judicial notice of any documents attached to the
petition.  





[6]  The record does not contain a motion for contempt
and/or sanctions.





[7]  In his appellate brief, Obinna attempts to support
some of his arguments with documents contained in the appendix to his brief. 
However, many of these documents are not in the record.  We cannot consider
documents attached as appendices to briefs and must consider a case based
solely upon the record before the trial court.  See Cherqui v. Westheimer
Street Festival Corp., 116 S.W.3d 337, 342 n.2 (Tex. App.CHouston [14th Dist.] 2003, no pet.); Nguyen v.
Intertex, Inc., 93 S.W.3d 288, 292B93
(Tex. App.CHouston [14th Dist.] 2002, no pet.).  





[8]  Esther=s
appellate brief includes a request for sanctions against Obinna for filing a
frivolous appeal.  See Tex. R.
App. P. 45.  Although we agree that Obinna=s appeal is not a model of clarity, we deny Esther=s request for sanctions because Obinna is entitled to
a reversal and remand on part of his appeal.





[9]  The Full Faith and Credit Clause of the United
States Constitution states that full faith and credit shall be given in each
state to the judicial proceedings of every other state.  Thus, Chapter 35
applies to court decisions from other states, not other countries.  See,
e.g., Schacht v. Schacht, 435 S.W.2d 197, 202 (Tex. Civ. App.CDallas 1968, no writ) (stating that full faith and credit
did not apply to require that Texas court recognize Mexican divorce decree).





[10]  Although Obinna claims that the United States and Nigeria have a
reciprocity agreement to honor each other=s judgments, and United States judgments are accorded full
faith and credit and routinely enforced in Nigeria, he cites no authority for
this proposition.





[11]  In trial court cause no. 2005-44163, the suit on
Obinna=s petition to enforce the foreign judgment, the record
contains no reporter=s record from any hearing in which the Nigerian decree
could have been put in evidence, and, in the clerk=s record, Obinna=s
petition does not have a copy of the Nigerian decree attached to it, and no
copy of it appears anywhere in the clerk=s
record in that suit. 





[12]  In his reply brief, Obinna also claims that, because the parties were
no longer married on July 11, 2004, the trial court lacked personal and subject
matter jurisdiction over him and the children.  However, it is undisputed that
Esther filed her divorce action in Harris County before Obinna filed his
divorce action in Nigeria, thus invoking the jurisdiction of the Texas court. 
In response, Obinna answered and counterclaimed for relief in the Harris County
action; he also appeared for the hearing on the divorce in which he contested
the divorce, child support, and property division on the merits.  By these
actions Obinna waived any issue relating to the trial court=s exercise of jurisdiction.  See
Baker v. Monsanto Co., 111 S.W.3d 158, 161 (Tex. 2003) (the filing of an
answer is deemed a general appearance submitting a party to the jurisdiction of
the court for all reasons); Dawson‑Austin v. Austin, 968 S.W.2d
319, 322 (Tex. 1998) (a party makes a general appearance if he invokes the
trial court=s judgment on a question other than
jurisdiction, recognizes that action is properly pending before court, or seeks
affirmative action from court). 





[13]   Although not raised by Esther, we note it is
unclear whether Obinna could satisfy the requirements of res judicata because
of the possibility that the Nigerian decree is not a final judgment.  In his
amended answer in the divorce action, Obinna claims the final judgment entitled
to res judicata is the Adecree absolute,@
but the document in the record is not a decree absolute.  This document is
entitled AEnrolment of Order@
and reflects that the Nigerian court granted a ADecree Nisi.@  Moreover, in the hearing on the motion for new
trial, Obinna argued that the Nigerian court Adeferred the issue of child support@
because the children were outside the jurisdiction of the court.  However, we
express no opinion on the authenticity or finality of the document. 





[14]  In his statement of the issues, Obinna also
complains that the trial court erred in failing to expressly rule on his res
judicata claim, but the argument section of his brief contains no argument and
cites no authority in support of this issue.  Therefore, it is waived.  See Tex. R. App. P. 38.1(h).





[15]  There is no allegation or evidence that Obinna was
intentionally unemployed or underemployed.





[16]  In Obinna=s
ninth issue, he claims the trial court Aerred
or abused its discretion@ by excluding admissible evidence of his federal
student loan.  However, Obinna does not state which of the trial court=s holdingsCthe
property division or the child supportCthe
alleged error affects.  Moreover, Obinna does not include any argument or
authorities in support of the issue.  Therefore, we hold he has waived this
issue.  See Tex. R. App. P. 38.1(h).